Sharon Bridgewater
12070 W. Outer Drive
Detroit, MI 48223
1-415-933-3465

**FILED**

NOV – 3 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

# UNITED STATES DISTRICT COURT FOR
# NORTHERN DISTRICT OF CALIFORNIA

ADR

Sharon Bridgewater,

    Plaintiff,

    Vs.

Roger and Mary Tonna
And Does 1 thru 50 inclusive

    Defendants,

Attorney William Gilg
305 San Bruno Ave West
San Bruno, CA 94066

And Does 1 thru 50 inclusive

    Legal Defendants,

) CASE No. **C10-04966** MMC
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Sharon Bridgewater vs. Roger and Mary Tonna & Attorney William Gilg**

COMPLAINT FOR DAMAGES     -1-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# JURISDICTION

1. The jurisdiction of this Court is invoked by 42 U.S.C. section 1985(c) Conspiracy to Deprive Civil Rights.

2. The jurisdiction of this Court is invoked by the Violation of the Fair Debt Collection Practice Act. 15 U.S.C. § 1692

3. The damages are in excess of $75,000.00.

# INSTRADISTRICT ASSIGNMENT

The incident took place in the City of San Leandro, State of California.

**Sharon Bridgewater vs. Roger and Mary Tonna & Attorney William Gilg**

COMPLAINT FOR DAMAGES     -2-

# DEFENDANTS

1. The defendant's Roger and Mary Tonna are Owners of Real property located at 111 Preda Street, San Leandro, CA 94577.

2. Roger and Mary Tonna Own several properties in the San Francisco Bay Area.

3. The agents, servants, employees were acting in the scope of their performance of duties, and at all times mentioned were the Residential Roger and Mary Tonna.

4. The Managing Agent and/or Resident Manager exercised independent authority and judgment over the apartment complex at 111 Preda Street, San Leandro, CA 94577.

5. Plaintiff does not know the true names and capacities of defendants Does 1 through 50 inclusive and needs to obtain said information through discovery.

Sharon Bridgewater vs. Roger and Mary Tonna & Attorney William Gilg

COMPLAINT FOR DAMAGES    -3-

# **LEGAL DEFENDANTS**

1. William Gilg is an Attorney.

2. William Gilg represented their client Roger and Mary Tonna.

3. Roger and Mary Tonna hired William Gilg to represent their client in the "debt collection" process and/or in gaining possession of their apartment(s).

4. William Gilg is a member of the California bar association, an Officer of the court and was employed by Roger and Mary Tonna.

5. The Defendant William Gilg is an Officer of the Court and has an unquestionable duty to the Court of professional conduct.

6. The Defendant William Gilg waived their attorney-client privilege and attorney-client work products under California Law.

7. A partnership and each of its partners are responsible for the wrongful conduct of a partner acting within the scope of his or her employment; and, each attorney is to be held personally responsible.

**Sharon Bridgewater vs. Roger and Mary Tonna & Attorney William Gilg**

COMPLAINT FOR DAMAGES     -4-

1

2

## **PLAINTIFF**

3

4

5  1. At all times mentioned herein Plaintiff was a tenant in lawful, peaceful possession of a

6     rental unit at 111 Preda Street #7 San Leandro, CA 94577. from June. 2009 thru

7     Oct. 22, 2010.

8

9  2. At all times mentioned the Plaintiff had a HUD section 8 rental lease agreement contact

10     with the Defendants.

11  3. Currently the Plaintiff is a resident at a local Homeless Shelter, in San Francisco Bay Area,

12     due to the malicious, fraudulent, conduct of the Defendants. The Plaintiff is using an

13     address in Detroit, Michigan for court purposes.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Sharon Bridgewater vs. Roger and Mary Tonna  & Attorney William Gilg**

COMPLAINT  FOR DAMAGES    -5-

## SEQUENTIAL EVENTS

Roger and Mary Tonna own multiple properties throughout the San Francisco Bay Area, and receive rental income from their properties. Most of their properties are occupied by students and working adults.

The Apartments at 111 Preda Street, San Leandro, CA 94577 is a 24-unit apartment complex, owned and operated by Roger and Mary Tonna.

Most of the tenants residing at the apartment at 111 Preda Street, San Leandro, CA are African American "socially economically" disadvantaged tenants receiving some sort of government funds such as Social Security Income, Supplemental Security income for living expenses. Most of the tenants receive rental assistance from United States Housing and Urban Development (HUD) known as Section 8 program. (The Section 8 Housing Choice Voucher Program is a program funded by HUD to assist tenants with rental assistance by paying a portion of their rent directly to their landlord)

On or about August 30, 2009, Mary and Roger Tonna **negligently and carelessly hired a convicted felon** as Residence Manager for the apartment complex at 111 Preda Street, San Leandro, CA.

On or about Dec. 22, 2009, the Plaintiff father died and the Plaintiff went to Michigan to attend her father funeral (see exh. *l* ) While the Plaintiff was in Michigan, the Property Manager (convicted felon) illegally entered the Plaintiff apartment without the Plaintiff knowledge or consent, and stole several items (computer, monitor, personal, legal, and business papers, programs, eye glasses, jewelry leather rolling brief case, and expensive art supplies)

**Sharon Bridgewater vs. Roger and Mary Tonna & Attorney William Gilg**

COMPLAINT FOR DAMAGES     -6-

(see exh.$^2$ And; several other tenants' eye witnessed the incident of the convicted felon taking the Plaintiff property).

After the incident the Plaintiff continuously told the Defendant Roger and Mary Tonna about how unhappy she was living at the apartment complex. The Plaintiff continuously told Roger and Mary Tonna that she was scared to live in the unit; and suffered from fear, fright, horror living in the complex; and at any time they could break in and harm the Plaintiff.(*a lady was found dead in her apartment at 111 Preda Street- apartments and her body discovered ten days later*)

Pending this time, from Jan. thru May, 2010 the Plaintiff gave the Defendants **SEVERAL** verbal and written 30 day notices on her intentions to terminate her tenancy.(see exh. $3$ )

The Plaintiff on numerous occassions asked the Defendants to sign a mutual termination of tenancy agreement( The section 8 HUD rental assistance program provides that during the initial 1st year of the contract a tenant may not "end" a lease agreement; but only on mutual termination of tenancy agreement between the tenant and landlord. *After the initial term ends the section 8 contract **continues** and renew on the 1st of the month on a month-to-month basis until the tenant moves from the premise*).

Roger and Mary Tonna, **refused** to sign a mutual termination of tenancy, and asserted to the Plaintiff that she had to remain in the unit, until her lease ended after one year.

Sharon Bridgewater vs. Roger and Mary Tonna & Attorney William Gilg

COMPLAINT FOR DAMAGES    -7-

Pending this time, from Jan. 2010 thru May, 2010 Roger and Mary Tonna made numerous promises to compensate the Plaintiff for the items stolen by the convicted felon (employee of Roger and Mary Tonna); only to break the verbal agreements, and **not** compensate the Plaintiff for what their employee had taken.

On or about June 16, 2010 the Plaintiff's filed a small claims court action, against the Tonna entitled "**BRIDGEWATER VS. TONNA**"(see exh. $4$ ) for **$7,499.00**. (seven thousand, four hundred and ninety-nine dollars)

Roger and Mary Tonna then, summoned their attorney, Attorney William Gilg, and the three cooperated and agreed, to use directly and/or directly, threat, coercion and/or force, sent the Plaintiff a letter which included expressed language such as "If the Plaintiff fail to cooperate and.....

1) accept $1,000.00

2) release all small claims court case action Bridgewater vs. Tonna

3) and voluntary move out by **July 26, 2010**

The "Defendants" would "**take all legal steps to evict you from the apartment at 111 Preda Street., #7, in San Leandro, CA**".

Sharon Bridgewater vs. Roger and Mary Tonna & Attorney William Gilg

COMPLAINT FOR DAMAGES     -8-

**One Day later On July 27, 2010,** the Defendants retaliated, with discriminatory intent, motive and/or the "state of mind" cooperated and agreed to discriminate against the Plaintiff because she was an African American socially economically disadvantaged female tenant unable to enforce her legal rights; to deny/deprive equal privileges and immunities as secured by the US Constitution as a citizen of America and deprive the Plaintiff of property without due process of law, gain possession of the property without due process of law and/or the right to possession.

The defendants cooperated and agreed, abused the legal process, filed a unlawful detainer complaint for **FORFEITURE OF A GOVERNMENT HUD LEASE AGREEMENT CONTRACT** for **"ZERO AMOUNT PAST DUE RENT "** **without** giving the Plaintiff **"ANY" PRE-REQUISTE NOTICE OF TERMINATION OF TENANCY, AS REQUIRED BY FEDERAL AND STATE** (PLEASE see exh. $\underline{5}$ page 2 - Box 7a, # (6 ), and Box 8a (1)

[ *a defendant can not serve herself her own notice to terminate a tenancy pursuant to Box 8 (1)*]

On the day of Trial, the Defendants with malice, intentionally, knowingly, willfully, conspired, with the intent to defraud the Judge, concealed material facts from the Judge that the Plaintiff was in legal possession of the premise. The Defendants presented to the Judge an Official Legal Document for Judgment-Unlawful Detainer, made material misrepresentations, to the Judical Tribunal that the Plaintiff waived her r. get to a jury trial **appeared at trial**, owed hold over damages and cost of $722.50, (see exh. 6 and compare with exh. 7 Page 1 + 2 ( The Plaintiff did not appear at trial, nor did she waive her right to a jury trial )

Sharon Bridgewater vs. Roger and Mary Tonna & Attorney William Gilg

COMPLAINT FOR DAMAGES     -9-

1   The intentional misrepresentation to the Judge caused the Judicial Tribunal to legally

2   issue a Judgment for possession of the premise, and Judgment against the Plaintiff for $722.50

3   *(that lacked due process of law - the court did not have jurisdiction to entertain)* for possession

4

5   of the premise.

6   After Attorney William Gilg obtained the void fraudulent Judgment, later; the Defendants

7   had the **Sherriff** escort **the Plaintiff from the premise**. The Plaintiff civil rights were violated,

8   and the **Plaintiff was force to move without probable cause, in complete retaliation.** *(cee  ext # 8 )*

9

10

11

12

13

14

## **SUMMARY JUDGMENT**

15

16

17   A summary judgment may be granted if "the pleadings and the materials on file [or

18   declarations] show that there is no genuine issue and/or no triable issue of material facts. The

19   movant is entitled to judgment as a matter of law." Fed. Rule. Civil P. 56(c).

20

21

22

23

24

25

26

27

28

**Sharon Bridgewater vs. Roger and Mary Tonna & Attorney William Gilg**

COMPLAINT FOR DAMAGES     -10-

# STANDARD OF REVIEW

The causes of action set forth in this complaint against Attorney William Gilg in this complaint **applies** to CCP section 1714.10(c) CCP Section 1714.10 (c) provides, "this CCP section 1714.10(a) shall not apply to a cause of action against an attorney for a civil conspiracy with his or her client, where (1) the attorney has an independent legal duty to the Plaintiff, or **(2)** the attorney's acts go beyond the performance of a professional duty to serve the client and involve an conspiracy to violate a legal duty in furtherance of the attorney's financial gain.

**THE SUMMONS AND COMPLAINT, obtained by the Defendants against the Plaintiff for possession of the premise located at 111 Preda Street, San Leandro, CA is WITHOUT ANY BASIS, AND DOES NOT STATE A CAUSE OF ACTION; ALSO IT IS COMPLETELY RETAILITORY, MALICIOUS AND WITHOUT PROBABLE CAUSE. The Judgment for possession of the premise obtained by the Defendants, 1) lacked due process of law; 2) the court did not have jurisdiction to entertain, and IS FRAUDULANT, was obtained by the Defendants attorney committing fraud on the court.**

**Plaintiff also filed an administrative complaint with HUD as required(see exh. $9$ )**

**The United States Department of Urban Housing and Development said it only has power to recognize claims under the Fair Housing laws.**

**The Defendants evicted the Plaintiff without probable cause, tortuously interfered with the Plaintiff's Government rental assistance HUD contract and the Plaintiff is no longer eligible to receive HUD section 8 rental assistance.** THE PLAINTIFF FILED A WRIT OF MANDATE FOR A STAY OF A JURY TRIAL + A STAY FOR POSSESSIM OF THE PREMISE AGAINST THE DEFENDANTS IN THE APPELANT COURT OF ALAMEDA COUNTY (2 TWO ), THE COURT OF APPELALS, THE U.S. CALIFORNIA SUPREME COURT, ALL WERE Denied. THE PLAINTIFF FILED A MOTION TO VACATE THE judgment + a order showing time to hear, ALSO denied by ALAMEDA SUPERIOR COURT.

Sharon Bridgewater vs. Roger and Mary Tonna & Attorney William Gilg

# FIRST CLAIM OF RELIEF

## CIVIL CONSPIRACY
## AGAINST ROGER AND MARY TONNA AND Does

### 1 through 50 inclusive AND WILLIAM GILG and Does 1 thru 50 inclusive

1. All preceding paragraphs are hereby incorporated by reference as if fully set forth.

2. Plaintiff Sharon Bridgewater at all times mentioned was a tenant, had a legally binding HUD section 8 lease agreement and/or contract with Roger Tonna for the premises of 111 Preda Street, San Leandro, CA 94577 from June 2009 to June 2010. (exh.___partial agreement) Pursuant to the HUD rental agreement, after the initial one-year expiration of the lease agreement the contract term renews on the 1st of the month on a month-to-month basis. Pursuant to Federal law, the HUD lease terminates only when the tenants moves to another unit.

3. The Plaintiff at all times mentioned African American "social economically disadvantaged" female tenant living at 111 Preda Street #7, San Leandro, CA.

4. The Plaintiff at all times mentioned was a member or a "race and/or class" based discriminatory animus.

5. At all times mentioned in this complaint, Plaintiff was a tenant in lawful, peaceful possession of the premises.

6. The Plaintiff performed her obligation under the written lease agreement and/or contract.

7. Roger Tonna and Does 1 thru 50 inclusive had a duty to perform the contract.

**Sharon Bridgewater vs. Roger and Mary Tonna & Attorney William Gilg**

COMPLAINT FOR DAMAGES    -12-

8. The Plaintiff had a right to maintain her tenancy at 111 Preda Street, San Leandro, and had a right to possession of the premise at 111 Preda Street, San Leandro, CA 94577.

9. The Plaintiff had a right to be free from threat and/or demand and/or coercion and/or "force" during her tenancy.

10. The Plaintiff had a right to be free from retaliation during her tenancy.

11. The Plaintiff had a right to be free from intimidation and/or any interference with exercise(s) and enjoyment(s) of equal privileges and immunities as secured by the United States Constitution as a citizen of America.

12. The Plaintiff had a right to exercise and/or enjoy equal privileges and immunities as secured by the US Constitution as a US citizen.

13. The Plaintiff had a right to due process of law in the termination of her tenancy.

14. The defendants are jointly and/or severally liable their actions.

15. Attorney William Gilg at all times mentioned was employed by Roger and Mary Tonna.

16. Attorney William Gilg at all times mentioned were an Agent for Mary and Roger Tonna.

17. Attorney William Gilg with malice, willfully, knowingly, intentionally served, aided and abetted Roger and Mary Tonna for financial gain.

18. Attorney William Gilg waived his attorney client privilege and attorney client work product under California law.

19. Attorney William Gilg with malice, willfully, knowingly, intentionally acted beyond the performance(s) of their professional duty for financial gain.

Sharon Bridgewater vs. Roger and Mary Tonna & Attorney William Gilg

COMPLAINT FOR DAMAGES     -13-

20. At all times mentioned William Gilg, willfully, intentionally, knowingly, with malice, involved himself in a conspiracy and violated a legal duty in furtherance of a conspiracy for financial gain.

21. On or about August 30, 2009, Roger and Mary Tonna carelessly and negligently hired a convicted felon to manage the apartments at 111 Preda Street, San Leandro, CA 94577.

22. The convicted felon and/or Resident Manager and employee of Roger and Mary Tonna illegally entered the Plaintiff apartment without the right and without the Plaintiff permission and stole several items for the Plaintiff resident.

23. The Plaintiff filed a smalls claims court case entitled Sharon Bridgewater vs. Roger Tonna Case number HS01520747, in Alameda Superior Court.

24. Attorney William Gilg, Roger and Mary Tonna willfully, knowingly, intentionally with malice, cooperated and agreed to discriminate against the Plaintiff because she was a "socially economically disadvantaged" African American female tenant.

25. Attorney William Gilg, Roger and Mary Tonna willfully, knowingly, intentionally with malice, cooperated and agreed to discriminate against the Plaintiff "a member of a class and/or race based discriminatory animus" with limited resources and unable to enforce her legal rights.

25. The Defendants cooperated and agreed to deprive the Plaintiff property without due process of law in complete retaliation.

27. The Defendant cooperated and agreed to use directly and/or indirectly threat, force and/or Coercion in retaliation.

Sharon Bridgewater vs. Roger and Mary Tonna & Attorney William Gilg

COMPLAINT FOR DAMAGES    -14-

28. Attorney William Gilg, Roger and Mary Tonna with malice, willfully, knowingly, with malice, intentionally, cooperated, agreed to violate the Fair Debt Collection Practice Act (FDCPA) in retaliation.

29. Attorney William Gilg, Roger and Mary Tonna willfully, knowingly, intentionally, with malice, agreed, cooperated and approved, to cause the plaintiff to suffer harm, injury without probable cause in complete retaliation.

30. At all times mentioned Roger Tonna, Mary Tonna and Attorney William Gilg, with malice, willingly, knowingly, intentionally, cooperated and agreed to hurt, oppress, and injure the Plaintiff and "force" the Plaintiff to move from her apartment without probable cause in complete retaliation.

31. The Defendant cooperated and agreed to deprive the Plaintiff of her legal right in the termination of tenancy and did overt act in furtherance of a conspiracy and committed civil conspiracy.

32. The defendant's actions constitute conspiracy are the proximately caused of the plaintiff damages.

33. Plaintiff is entitled to compensatory, special damages and/or general damages.

34. Plaintiff have been injured, damaged and harmed by the defendant's actions.

35. Plaintiff has compensatory damages in the amount of $100.00 (One hundred dollars).

36. The defendants acted with fraud and/or malice and/or oppression and/or reckless disregard and are liable to the Plaintiff for punitive damages subject to the net worth of said defendants pursuant to CCP § 3294 ( c )

37. Plaintiff requests an award of punitive damages according to proof at trial.

**Sharon Bridgewater vs. Roger and Mary Tonna & Attorney William Gilg**

COMPLAINT FOR DAMAGES    -15-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### SECOND CLAIM FOR RELIEF
**CONSPIRACY TO WRONGFULLY EVICT AGAINST ROGER AND MARY TONNA AND Does 1 through 50 inclusive AND ATTORNEY WILLIAM GILG and Does 1 thru 50 inclusive**

38. All preceding paragraphs are hereby incorporated by reference as if fully set

forth herein.

39. The defendants cooperated and agreed and overt act in furtherance to gain possession of

the premise without the right to possession and/or without due process of law.

40. Attorney William Gilg, Roger and Mary Tonna and does 1 thru 50 inclusive with

malice, willfully, knowingly, intentionally agreed, and cooperated, to violate Federal

and/or State law.

41. Roger Tonna, willfully, knowingly intentionally failed to perform his obligation under

the HUD contract, cooperated and agreed with Mary Tonna, and William Gilg to

tortiously interfere with the Plaintiff's HUD section 8 Government contract.

42. Roger Tonna, willfully, knowingly intentionally cooperated and agreed with Mary

Tonna, and William Gilg to breach the Plaintiff's HUD Government lease agreement.

43. Roger Tonna, willfully, knowingly intentionally cooperated and agreed with Mary

Tonna, and William Gilg to tortiously interfere with the Plaintiff's HUD section 8

Government lease agreement.

44. Roger Tonna, willfully, knowingly intentionally cooperated and agreed with Mary

Tonna, and William Gilg to tortiously interfere with the Plaintiff's right to quiet

enjoyment and leasehold interest.

**Sharon Bridgewater vs. Roger and Mary Tonna & Attorney William Gilg**

COMPLAINT FOR DAMAGES    -16-

45. Attorney William Gilg had a fiduciary relationship with the Court not to misrepresent the facts to the Court.

46. Attorney William Gilg, Roger and Mary Tonna with malice, willfully, knowingly, intentionally, maliciously, cooperated and agreed to abuse the legal process.

47. Attorney William Gilg, Roger and Mary Tonna with malice, willfully, knowingly, intentionally, maliciously, cooperated and agreed to file an unlawful detainer complaint against the Plaintiff, without giving to the Plaintiff a "pre-requisite" notice of termination of tenancy as required by Fed. And State law.

48. Attorney William Gilg, Roger and Mary Tonna with malice, willfully, knowingly, intentionally, maliciously, cooperated and agreed to gain possession of the premise without the right to possession and/or without due process of law.

49. Attorney William Gilg, Roger and Mary Tonna with malice, willfully, knowingly, intentionally, with malice, agreed and cooperated to conceal material facts from the Plaintiff and/or the Judicial Tribunal.

50. Attorney William Gilg, Roger and Mary Tonna with malice, willfully, knowingly, intentionally, with malice, agreed and cooperated to commit fraud and/or defraud the Plaintiff and/or the Judicial Tribunal.

51. Attorney William Gilg, Roger and Mary Tonna with malice, willfully, knowingly, intentionally agreed and cooperated to deny and/or deprive the Plaintiff property without due process of law in complete retaliation.

52. Attorney William Gilg, Roger and Mary Tonna with malice, willfully, knowingly, intentionally, agreed and cooperated to prevent the Plaintiff from exercising and enjoying

Sharon Bridgewater vs. Roger and Mary Tonna & Attorney William Gilg

COMPLAINT FOR DAMAGES    -17-

equal privileges and immunities as secured by the United States Constitution as a citizen of America.

53. Attorney William Gilg, with malice, willfully, knowingly, intentionally, agreed and cooperated with Roger and Mary Tonna, to obtain a fraudulent void Judgment for possession of 111 Preda Street, San Leandro, CA 94577, the court did not have jurisdiction to entertain and/or lacked due process of law.

54. Attorney William Gilg, with malice, willfully, knowingly, intentionally, agreed and cooperated with Roger and Mary Tonna, to violate the Plaintiff civil rights, force the Plaintiff to move from the premise without probable cause in complete retaliation and conspired to wrongfully evict the Plaintiff and committed conspiracy to wrongfully evict.

55. The defendant's actions constitute conspiracy to wrongfully evict and are the proximately caused of the plaintiff damages.

56. Plaintiff is entitled to compensatory, special damages and/or general damages.

57. Plaintiff have been injured, damaged and harmed by the defendant's actions.

58. Plaintiff has compensatory damages in the amount of $100.00 (One hundred dollars)

59. The defendants acted with fraud and/or malice and/or oppression and/or reckless disregard and are liable to the Plaintiff for punitive damages subject to the net worth of said defendants pursuant to CCP § 3294 ( c )

60. Plaintiff requests an award of punitive damages according to proof at trial.

Sharon Bridgewater vs. Roger and Mary Tonna & Attorney William Gilg

COMPLAINT FOR DAMAGES    -18-

# THIRD CLAIM FOR RELIEF

## CONSPIRACY TO DEFRAUD THE COURT
### AGAINST ROGER AND MARY TONNA AND Does 1 through 50 inclusive AND ATTORNEY WILLIAM GILG and Does 1 thru 50 inclusive

61. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

62. The defendants with malice, willingly, knowingly, intended, cooperated, agreed and did overt acts in furtherance to defraud the Judicial Tribunal and/or court.

63. On or about Sept. 21, 2010, Attorney William Gilg, Roger and Mary Tonna malice, willingly, intentionally, knowingly, with the intent to defraud the Judicial Tribunal and/or the court, cooperated and agreed to conceal a material fact from the Judicial Tribunal the Plaintiff was in lawful possession of the premise of 111 Preda Street, San Leandro, CA 94577.

64. On or about Sept. 21, 2010, Attorney William Gilg, Roger and Mary Tonna malice, willingly, intentionally, knowingly, with the intent to defraud the Judicial Tribunal and/or the court, cooperated and agreed to conceal a material fact from the Judicial Tribunal that they filed an unlawful detainer complaint without giving the Plaintiff a "pre-requisite" notice of termination of tenancy as required by Fed. And State law.

65. Attorney William Gilg, Roger and Mary Tonna malice, willingly, intentionally, knowingly, with the intent to defraud and deceive the Judicial Tribunal, cooperated and agreed to make intentional misrepresentations to the Judicial Tribunal to gain possession of the apartment without the right to possession and/or without due process of law.

Sharon Bridgewater vs. Roger and Mary Tonna & Attorney William Gilg

COMPLAINT FOR DAMAGES     -19-

66. Attorney William Gilg, Roger and Mary Tonna malice, willingly, intentionally, knowingly, with the intent to defraud and deceive the Judicial Tribunal, cooperated and agreed to present to the Judicial Tribunal an official legal document Judgment – Unlawful Detainer that included expressed language that said, Sharon Bridgewater appeared in court; *waived his rights to a jury trial;* and owed hold over damages in the amount of $502.50 and cost in the amount of $220.00 to Roger and Mary Tonna, for an amount totally $722.50, to obtain a void fraudulent judgment for possession of the premise of 111 Preda Street, San Leandro, CA 94577 and committed conspiracy to defraud the court.

67. The defendant's actions constitute conspiracy to defraud the court and proximately caused the Plaintiff damage and harm.

68. The Plaintiff has been damaged by the defendant's actions and has a damage claim.

69. Plaintiff is entitled to compensatory, special damages and/or general damages.

70. Plaintiff has compensatory damages in the amount of $100.00 (one hundred dollars

71. The defendants acted with fraud and/or malice and/or oppression and/or reckless disregard and are liable to the Plaintiff for punitive damages subject to the net worth of said defendants pursuant to CCP § 3294 (c)

72. Plaintiff requests an award of punitive damages from according to proof at trial.

Sharon Bridgewater vs. Roger and Mary Tonna & Attorney William Gilg

COMPLAINT FOR DAMAGES    -20-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# FOURTH CLAIM FOR RELIEF

## FRAUD ON THE COURT

## AGAINST ATTORNEY WILLIAM GILG AND DOES 1 THRU 50

### INCLUSIVE

73. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein. Attorney William Gilg agent for Roger and Mary Tonna with malice, willfully, Intentionally knowingly did overt acts to defraud the court.

74. On Sept. 21, 2010 at approx 9:00 a.m. at the Superior Court of the State of California, County of Alameda, Rene C. Davidson Alameda Court house at 1225 Fallon Street, Oakland, CA 94612, in Dept. 22, Attorney William Gilg agent for Roger and Mary Tonna with malice, intentionally, knowingly, willingly, with the intent to defraud the Judicial Tribunal, Honorable Jo-Lynne Q. Lee, concealed a material fact that Sharon Bridgewater was in lawful possession of the premises of 111 Preda Street, San Leandro, CA 94577.

75. On Sept. 21, 2010 at approx 9:00 a.m. at the Superior Court of the State of California, County of Alameda, Rene C. Davidson Alameda Court house at 1225 Fallon Street, Oakland, CA 94612, in Dept. 22, Attorney William Gilg agent for Roger and Mary Tonna with malice, intentionally, knowingly, willingly, with the intent to defraud the Judicial Tribunal, Honorable Jo-Lynne Q. Lee conceal a material fact from Judicial Tribunal Honorable Jo-Lynne Q. Lee that he filed an unlawful detainer complaint without providing Sharon Bridgewater a "pre-requisite" notice of termination of tenancy as required by Fed. And State law.

Sharon Bridgewater vs. Roger and Mary Tonna & Attorney William Gilg

COMPLAINT FOR DAMAGES    -21-

76. Attorney William Gilg agent for Mary and Roger Tonna was under a duty to disclose to the Judicial Tribunal the material facts.

77. The Judicial Tribunal was unaware and would have acted differently had the material facts were not concealed and/or suppressed from the Plaintiff.

78. On Sept. 21, 2010 at approx 9:00 a.m. at the Superior Court of the State of California, County of Alameda, Rene C. Davidson Alameda Court house at 1225 Fallon Street, Oakland, CA 94612, in Dept. 22, Attorney William Gilg agent for Roger and Mary Tonna with malice, willingly, intentionally, knowingly, with the intent to defraud the Judicial Tribunal, abused the legal process, made a material representation and presented to Judicial Tribunal, Honorable Jo-Lynne Q. Lee an Official legal document entitled, Roger Tonna, Mary Tonna Plaintiff vs. Sharon Bridgewater Defendant case number HG10-527647, Judgment-Unlawful Detainer with boxes checked, After Court Trial. The Jury was waived. The court considered the evidence, and Appearances by: Plaintiff Roger Tonna, Mary Tonna and Defendant Sharon Bridgewater.

79. On Sept. 21, 2010 at approx 9:00 a.m. at the Superior Court of the State of California, County of Alameda, Rene C. Davidson Alameda Court house at 1225 Fallon Street, Oakland, CA 94612, in Dept. 22, Attorney William Gilg agent for Roger and Mary Tonna with malice, willingly, intentionally, knowingly, with the intent to defraud the Judicial Tribunal, made a material representation and told the Judicial Tribunal that Sharon Bridgewater owed Roger and Mary Tonna hold over damages in the amount of $502.50 and cost in the amount of $220.00 and an amount of $722.50.

80. Attorney William Gilg agent for Mary and Roger Tonna knew were aware that the material representation to the Judicial Tribunal Honorable Jo-Lynne Q. Lee was totally false.

Sharon Bridgewater vs. Roger and Mary Tonna & Attorney William Gilg

COMPLAINT FOR DAMAGES    -22-

81. Attorney William Gilg, agent for Roger and Mary Tonna with malice, intentionally, willfully, knowingly, with the intent to defraud the Judicial Tribunal, intended for the Judicial Tribunal, Honorable Jo-Lynne Q. Lee, to rely on the material representation.

82. The Judicial Tribunal, Honorable Jo-Lynne Q. Lee was ignorant of Attorney William Gilg agent for Mary and Roger material representation.

83. The Judicial Tribunal, Honorable Jo-Lynne Q. Lee trusted Attorney William Gilg agent for Roger and Mary Tonna, as an Officer(s) of the Court, and relied on Attorney William Gilg agent for HVLP and/or KTJ material representation.

84. The Judicial Tribunal, Honorable Jo-Lynne Q. Lee, had a fiduciary relationship with Attorney William Gilg agent for Roger and Mary Tonna, Officer(s) of the court, and had a right to rely Attorney William Gilg material representation to the court and/or Judicial Tribunal.

85. On Sept. 21, 2010 at approx 9:00 a.m. at the Superior Court of the State of California, County of Alameda, Rene C. Davidson Alameda Court house at 1225 Fallon Street, Oakland, CA 94612, in Dept. 22, in case number HG10-527647 the Judicial Tribunal, Honorable Jo-Lynne Q. Lee legally signed the Official legal document of Roger Tonna, Mary Tonna Plaintiff vs. Sharon Bridgewater Defendant case number HG10-527647, Judgment-Unlawful Detainer for forfeiture of lease, cancellation of the rental agreement of premise of 111 Preda Street, San Leandro, CA 94577 and an money Judgment against the Plaintiff in the amount of $722.50 and the act was legally done.

Sharon Bridgewater vs. Roger and Mary Tonna & Attorney William Gilg

COMPLAINT FOR DAMAGES     -23-

86. The Official legal document of Judgment-Unlawful Detainer legally issued by of the Judicial Tribunal, Honorable Jo-Lynne Q. Lee, caused Attorney William Gilg to obtain a writ for possession of the premise and subsequently caused the local sheriff to escort the Plaintiff from the premise and caused the Plaintiff to be "forced" from her residence, and further caused Sharon Bridgewater to lose her primary resident, and name to be illegally entered in an unlawful detainer data base for non-payment of rent and caused other damages.

87. The defendant's actions of constitute fraud on the court.

88. Plaintiff is entitled to compensatory, special damages and/or general damages.

89. Plaintiff has compensatory damages in the amount of $100.00(one hundred dollars)

90. The defendants acted with fraud and/or malice and/or oppression and/or reckless disregard and are liable to the Plaintiff for punitive damages subject to the net worth of said defendants pursuant to CCP § 3294 (c)

91. Plaintiff requests award punitive damages according to proof at trial.

**Sharon Bridgewater vs. Roger and Mary Tonna & Attorney William Gilg**

COMPLAINT FOR DAMAGES     -24-

## FIFTH CLAIM FOR RELIEF

### ABUSE OF PROCESS
### AGAINST ROGER AND MARY TONNA AND Does 1 through 50 inclusive AND ATTORNEY WILLIAM GILG and Does 1 thru 50 inclusive

92. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

93. The defendants with malice, willingly, knowingly, intended, cooperated, agreed and did

overt acts to use the Judicial System and/or the court in a purpose it was not intended for.

94. On or about Sept. 21, 2010, Attorney William Gilg, Roger and Mary Tonna, with malice,

willingly, intentionally, knowingly, used the Judicial System and/or court proceeding(trial)

to obtain a fraudulent void fraudulent Judgment for possession of the premise and abused

the legal process and committed abuse of process.

95. The actions of the defendant's actions constitute abuse of process and proximately caused

Bridgewater injuries and damages.

96. Bridgewater has been damaged and has damages.

97. Bridgewater is entitled to compensatory, special, statutory damages.

98. The defendants in acting with malice, oppression and reckless disregard are liable to

Plaintiff for punitive damages subject to the net worth of said defendants pursuant to CCP §

3294 (c)

99. Bridgewater request an punative damage award according to proof at trial.

100. The defendant's actions constitute abuse of process and proximately caused the

Plaintiff damage and harm.

Sharon Bridgewater vs. Roger and Mary Tonna & Attorney William Gilg

COMPLAINT FOR DAMAGES      -25-

101. Plaintiff has been damaged by the defendant's actions and has a damage claim.

102. Plaintiff is entitled to compensatory, special damages and/or general damages.

103. Plaintiff has compensatory damages in the amount of $100.00 (one hundred dollars

104. The defendants acted with fraud and/or malice and/or oppression and/or reckless

disregard and are liable to the Plaintiff for punitive damages subject to the net worth of

said defendants pursuant to CCP § 3294 (c)

106. Plaintiff requests an award of punitive damages from according to proof at trial.

## SIXTH CLAIM FOR RELIEF

### MALICIOUS PROSECUTION
### AGAINST ROGER AND MARY TONNA AND Does 1 through 50 inclusive AND ATTORNEY WILLIAM GILG and Does 1 thru 50 inclusive

107. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

108. The defendants with malice, willfully, knowingly, intentionally, did overt acts to cause the

Plaintiff harm and injury and force the Plaintiff to move without probable cause.

109. On or about Sept. 21, 2010, Attorney William Gilg, Roger and Mary Tonna, with malice,

abused the legal process and obtained a void judgment for possession of the premise of 111

Preda Street, San Leandro, CA 94577.

110. Attorney William Gilg, Roger and Mary Tonna with malice, willfully, intentionally,

knowingly, set the conditions, directly, facilitated, confirmed, ratified and inflicted

intentional emotional distress upon the Plaintiff.

Sharon Bridgewater vs. Roger and Mary Tonna & Attorney William Gilg

COMPLAINT FOR DAMAGES    -26-

111. Attorney William Gilg, Roger and Mary Tonna with malice, willfully, intentionally, knowingly, caused the Plaintiff to suffer injury by way of extreme and Outrageous conduct.

112. Attorney William Gilg, Roger and Mary Tonna at all times mentioned "were aware" that the Plaintiff had a legally binding HUD section 8 contract for her housing and needed a place to live, for her future housing accommodations.

113. On or July 27, 2010 Attorney William Gilg, Roger and Mary Tonna with malice, willfully, intentionally, knowingly, cooperated and agreed, served the Plaintiff an summon and complaint for ZERO amount of rent due, with "no pre-requisite notice of termination of tenancy as required by Federal and State law.

114. Attorney William Gilg, Roger and Mary Tonna violated of Federal and State law, concealed material facts from the Plaintiff and/or the Judicial Tribunal and committed fraud.

115. Attorney William Gilg committed fraud on the court.

116. On or about Sept. 21, 2010, the defendants cooperated and agreed, and obtained a fraudulent void judgment for possession of the premise(lacked due process of law, and the court did not have jurisdiction to entertain)

117. Attorney William Gilg, Roger and Mary Tonna with malice, willfully, intentionally, knowingly, tortiously interfered with the Plaintiff's U.S. Housing and Urban Development rental assistance section 8 contract and caused the Plaintiff rental assistance payments to terminate.

Sharon Bridgewater vs. Roger and Mary Tonna  & Attorney William Gilg

COMPLAINT  FOR DAMAGES      -27-

118. Attorney William Gilg, Roger and Mary Tonna with malice, willfully, intentionally, knowingly, tortiously interfered with the Plaintiff's right to quiet enjoyment and leasehold interest in the rental unit.

119. Attorney William Gilg, Roger and Mary Tonna with malice, willfully, intentionally, knowingly, cooperated, agreed, breached the Plaintiff's Federal Government HUD Section 8 lease agreement Contract.

120. Attorney William Gilg, Roger and Mary Tonna cooperated, agreed, violated the Plaintiff civil rights, used directly and/or indirectly threat and/or coercion and/or force, had the local sheriff extort the Plaintiff off the property, forced the Plaintiff to move without probable cause in complete retaliation.

121. The defendant's actions constitute malicious prosecution and proximately caused the Plaintiff to lose her section 8 rental assistance with HUD, extensive emotional distress, humiliation, shame, and other harm and damages.

122. The Plaintiff has been damaged by the defendant's actions and has a damage claim.

123. Plaintiff is entitled to compensatory, special damages and/or general damages. Plaintiff is entitled to the amount of her section 8 rental assistance benefits.

124. Plaintiff has compensatory damages, emotional distress, humiliation and shame in the amount of $500,000.00 (five hundred thousand dollars).

125. The defendants acted with fraud and/or malice and/or oppression and/or reckless disregard and are liable to the Plaintiff for punitive damages subject to the net worth of said defendants pursuant to CCP § 3294 ( c )

126. Plaintiff requests an award of punitive damages from according to proof at trial.

Sharon Bridgewater vs. Roger and Mary Tonna & Attorney William Gilg

COMPLAINT FOR DAMAGES     -28-

1

2     **SEVENTH CLAIM FOR RELIEF**
3     **CONSPIRACY TO VIOLATE (CIVIL) RIGHTS**
      **42 U.S.C. 1985(3)**
4     **AGAINST ROGER AND MARY TONNA AND Does 1 thru 50 inclusive ATTORNEY**
5     **WILLIAM GILG and DOES 1 THRU 50 inclusive**

6

7

8     127. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

9
      128. The defendants with malice, willfully, intentionally, knowingly, cooperated, agreed and
10
11        did overt acts in furtherance to deprive the Plaintiff property without due process

12        of law.

13    129.    On or about July 27, 2010 and/or Sept. 21, 2010, Attorney William Gilg,

14            Roger and Mary Tonna with malice, intentionally, willingly, knowingly, agreed and
15
              cooperated to use "race and/or class based discriminatory animus," to deny and/or
16
17            deprive the Plaintiff property without due process of law and/or equal privileges and

18            immunities under the laws of the US Constitution and prevented the Plaintiff from

19            exercising and enjoying equal privileges and/or rights and/or immunities as
20
              secured by the United States Constitution as a US citizen and committed
21
22            conspiracy to violate Plaintiff's civil rights.

23    130. The defendant's actions constitute conspiracy to violate Plaintiff's civil rights and

24            proximately caused the Plaintiff harm and damages.

25    131.  The Plaintiff has been harmed by the defendant's actions and has a damage claim.
26

27

28

      **Sharon Bridgewater vs. Roger and Mary Tonna & Attorney William Gilg**

      COMPLAINT FOR DAMAGES      -29-

132. Plaintiff is entitled to "reasonable" attorney fees, and cost pursuant to the Civil Rights

Attorney's Fees Awards Act of 1976 (42 U.S.C.A. § 1988)

133. The Plaintiff is entitled to compensatory, special damages and/or general damages and

compensatory have damages in the amount of $100.00 (one hundred dollars)

134. Plaintiff have reasonable attorney fee's in an amount deem just and appropriate.

135. The defendants acted with fraud and/or malice and/or oppression and/or reckless disregard

and are liable to the Plaintiff for punitive damages subject to the net worth of said

defendants pursuant to CCP § 3294 ( c )

136. Plaintiff requests an award of punitive damage according to proof at trial.

## EIGHTH CLAIM FOR RELIEF

## RETAILATORY EVICTION (COMMON LAW)

**AGAINST ROGER AND MARY TONNA AND Does 1 through 50 inclusive
AND ATTORNEY WILLIAM GILG and Does 1 thru 50 inclusive**

137. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

The defendants with malice, willfully, intentionally, knowingly did overt acts to gain

possession of the Plaintiff apartment without due process of law again.

138. The Plaintiff exercised her legal right and filed a small claims court case against the Tonnas

for the item their employee had taken.

139. On or about July 27, 2010 and/or Sept 21, 2010 Attorney William Gilg,

**Sharon Bridgewater vs. Roger and Mary Tonna & Attorney William Gilg**

COMPLAINT FOR DAMAGES     -30-

Roger and Mary Tonna with malice, willfully, knowingly, retaliated, cooperated, agreed, used directly and/or indirectly threat and/or fraud and/or force and/or coercion.

140. The defendants with malice, willfully, intentionally, knowingly, cooperated and agreed, used race and/or class based discriminatory animus.

141. The defendants with malice, willfully, intentionally, knowingly, cooperated and agreed, violated Plaintiff civil rights, gained possession of the property, without due process of law and/or the right to possession.

142. The defendants with malice, willing, intentionally, knowingly, cooperated and agreed, forced the Plaintiff to move without probable cause in complete retaliation and committed retaliatory eviction.

143. The defendant's actions constitute retaliatory eviction and proximately caused the Plaintiff harm and damage.

144. The defendant's actions caused the Plaintiff harm and damage.

145. The Plaintiff has been damaged by the defendant's actions and has a damage claim.

146. Bridgewater is entitled to compensatory, special damages and/or general damages and/or nominal damages.

147. Plaintiff has compensatory damages in the amount of $100.00(one hundred dollars)

148. The defendants acted with fraud and/or malice and/or oppression and/or reckless disregard and are liable to the Plaintiff for punitive damages subject to the net worth of said defendants pursuant to CCP § 3294 ( c )

149. Plaintiff requests an award of punitive damages according to proof at trial.

Sharon Bridgewater vs. Roger and Mary Tonna & Attorney William Gilg

COMPLAINT FOR DAMAGES    -31-

1

2

## NINTH CLAIM FOR RELIEF

3

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICE ACT

4

5

## AGAINST William Gilg and Does 1 through 50 inclusive

6

7   150. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

8       The defendants with malice, willfully, intentionally, knowingly did overt acts.

9   151. Attorney William committed fraud on the court, used directly and/or indirectly threat,

10      coercion, force, gained possession of the apartment without due process and

11      collected a debt.

12

13  152. The Fair Debt Collection Practice act provides that fraudulent deceptive and unfair debt

14      collection practices shall not be used in collecting a debt.

15  153. Attorney William Gilg used fraudulent, unfair, illegal, deceptive debt collection practices

16      and violated the fair debt collection practice act.

17

18  154. The defendants intentionally, knowingly and willing used fraudulent, unfair, deceptive,

19      And collected a Debt and gain possession of the apartment.

20  155. The defendant's actions constitute violation of the fair debt collection practice act and

21      proximately caused the Plaintiff harm and damage.

22

23  156. The defendant's actions caused total collapse of mental and emotional stability, and other

24      damages.

25  157.  The Plaintiff has been damaged by the defendant's actions and has a damage claim.

26

27  158. Bridgewater is entitled to compensatory, special damages and/or general damages and/or

28      nominal damages.

Sharon Bridgewater vs. Roger and Mary Tonna  & Attorney William Gilg

COMPLAINT FOR DAMAGES     -32-

159. Plaintiff has compensatory damages in the amount of $100 (one hundred dollars)

160. The defendants acted with fraud and/or malice and/or oppression and/or reckless disregard and are liable to the Plaintiff for punitive damages subject to the net worth of said defendants pursuant to CCP § 3294 ( c )

161. Plaintiff requests an award of punitive damages according to proof at trial.

**WHEREFORE,** plaintiff demands Judgment against the defendants

1. For Damages for the First Claim of relief for Civil Conspiracy

   compensatory damages in the amount of

   $ 100.00 and punitive damages according to proof at trial.

2. For Damages for the Third Claim of relief for Conspiracy to Wrongfully Evict

   for compensatory damages in the amount of

   $ 100.00 and punitive damages according to proof at trial.

3. For Damages for the Third Claim of relief for Conspiracy to

   Defraud the Court for compensatory damages in the amount of

   $ 100.00 and punitive damages according to proof at trial.

Sharon Bridgewater vs. Roger and Mary Tonna & Attorney William Gilg

COMPLAINT FOR DAMAGES     -33-

1
2
3
4      4. For Damages for the forth claim of relief for fraud on the court for
5         compensatory damages in the amount of
6         $ 100.00  and punitive damages according to proof at trial.
7      5.  For Damages for the fifth Claim of relief for abuse of process for
8         compensatory damages in the amount of
9
10        $ 100.00  and punitive damages according to proof at trial.
11
12     6.  For Damages for the Sixth Claim of relief Malicious Prosecution for
13        compensatory damages in the amount of
14
15        $ 500,000.00  and punitive damages according to proof at trial.
16     7. For Damages for the Seventh Claim of relief for Conspiracy to violate the
17        Plaintiff civil rights 42 USC section 1985(3) for compensatory damages in
18        the amount $100.00  and punitive damages according to proof at trial.
19     8. For Damages for the eighth Claim of relief for Retaliatory Eviction for
20        compensatory damages in the amount of
21
22        $ 100.00 and punitive damages according to proof at trial.
23     9. For Damages for the ninth Claim of relief for violation of the Fair Debt
24        Collection Practice Act for compensatory damages in the amount of
25        $ 100.00 and punitive damages according to proof at trial.
26
27
28

**Sharon Bridgewater vs. Roger and Mary Tonna & Attorney William Gilg**

COMPLAINT FOR DAMAGES    -34-

10. For an order enjoining the defendants, each of them, and their Agents,

Servants, employees and all persons acting under, in concert with them.

11. Assume jurisdiction of this case.

12. Separate Trial for Roger and Mary Tonna and Separate Trials for William

Gilg.

13. An order for defendants to produced sensitive financial and/or net worth

Information to assess punitive damages restrict the documents to be

Produce to those that represents the present net worth of the defendants,

For trial.

14. Punitive damages according to proof at trial.

15. Order the defendants to produce a list of other defendants (names) that are

Does 1 thru 50 Defendants that should be added to the complaint, and allow

the Plaintiff to amend this complaint to add the names of "Does 1-50"

defendants.

16. For cost of suit and "reasonable attorney fee's as authorized for the willfully

conspiracy to violate the Plaintiff civil rights.

17. Plaintiff requests an expedited case management conference and/or an

Expedited trial.

18. Expedited Discovery

19. Hold each defendant jointly and severally liable.

20. Hold each defendant jointly and severally liable for concert of action.

Sharon Bridgewater vs. Roger and Mary Tonna & Attorney William Gilg

COMPLAINT FOR DAMAGES    -35-

21. Refer this complaint to the California Bar Association.

22. Debar William Gilg from practicing law after judgment has been paid in to the Plaintiff.

23. Grant the Plaintiff and interest in Property/Cash or to satisfy judgment rendered by this court.

24. Order the defendants to Post a Cash Bond for the amount of Judgment rendered by this court in favor of the Plaintiff.

25. Order the defendants to pay the judgment render by this court.

26. Order the Defendants to take Plaintiff's name out of the unlawful Detainer Data base for non-payment of rent.

27. Dissolve the injunction after the Plaintiff is fully compensated for the Judgment rendered by this court.

28. Pre-judgment and/or post judgment interest at the maximum legal rate.

29. Stay any and all legal proceedings, execution, and enforcement of Orders, Judgment, writs, etc. requested of the Plaintiff in this U.S. Federal District.

**Sharon Bridgewater vs. Roger and Mary Tonna & Attorney William Gilg**

COMPLAINT FOR DAMAGES    -36-

30. Preliminary Injunction and Consolidate with merit of Trial.

31. Any other remedies of relief as the court may deem proper and just.

Respectfully submitted,

Dated: Nov. 3rd, 2010 (S)



_____

Sharon Bridgewater

Sharon Bridgewater vs. Roger and Mary Tonna & Attorney William Gilg

COMPLAINT FOR DAMAGES    -37-

# VERIFICATION

**I Sharon Bridgewater Declare:**

I am the Plaintiff in the above entitled action.

I make this verification because the facts set forth in the complaint are within my

Knowledge and it is I who was FORCIBLY EVICTED FROM MY APARTMENT

WITHOUT PROBABLE CAUSE AND IN COMPLETE RETAILATION.

I have read the foregoing complaint and know the contents thereof.

The same is true of my own knowledge.

I except as to those matters which are therein alleged on information

 and belief, and as to those matters, I believe it to be true.

I Sharon Bridgewater declare under penalty of perjury under the laws of the State of

California that the foregoing is true and correct.

Dated: Nov. 2, 2010

At San Francisco, California



Sharon Bridgewater

Sharon Bridgewater vs. Roger and Mary Tonna  & Attorney William Gilg

COMPLAINT  FOR DAMAGES      -38-

Exh# 1

# In Loving Memory
# Of
# Mr. Amos Bridgewater



Sunrise:
June 22, 1932

Sunset:
December 15, 2009

Services:
Tuesday, December 22, 2009     1:00 PM

Ephesus Seventh Day Adventist
2115 Wadsworth – Saginaw, Michigan
Pastors Leon George and Earl Fisher, Officiating

$Exh \# 2$

# VERIFICATION AND/OR DECLARATION

I _Derek E. Hamilton_ **Declare:**

I seen the Property Manager at 111 Preda enter Sharon Bridgewater house and was in her house for 3 (three days). I seen then take stuff out of her apartment.

I make this verification because the facts set forth in the      are within my

Knowledge and it is I TRUE_s_ on Dec. 19, 2009, took computer, boxes, paperwork etc, + took faucet, art supplies, etc, and was arguing + trying to sell items.

I have read the foregoing      and know the contents thereof.

The same is true of my own knowledge.

I except as to those matters which are therein alleged on information

and belief, and as to those matters, I believe it to be true.

I _Derek Hamilton_ declare under penalty of perjury under the laws of the State of

California that the foregoing is true and correct.

Dated: May 31, 2010

At San Leandro, California

Derek E. Hamilton

510-575-7717

Witness + neighbor
111 Preda Apartment # 19
4.17.54 (D.O.B.)

- 29 -

Exh#3

5-12-2010

TO: LANDLORD

FROM: SHARON BRIDGEWATER APARTMENT #7
SAN LEANDRO, CA

RE: **30 DAY NOTICE,**

DEAR MARY,

I THINK YOU ARE THE GREATEST. THANK YOU FOR ALLOWING ME TO
LIVE IN YOUR APARTMENTS.

HOWEVER, WHEN MY FATHER DIED AROUND CHRISTMAS TIME, I WENT TO
MICHIGAN, AND THE PAST PROPERTY MANAGER ILLEGALLY ENTERED
INTO MY APARTMENT AND STOLE ITEMS, I HAVE BEEN SCARED TO LIVE IN
THE APARTMENTS ALONE, AND FEAR AT ANY GIVEN POINT SOMEONE
COULD BREAK INTO MY APARTMENT.

ALSO A LADY WAS FOUND DEAD IN HER APARTMENT AND WAS
DISCOVERED 10 DAYS LATER.

SHARON BRIDGEWATER

Please Trinsfer my Hud voucher to: Detroit, MI

Address: Hud
477 W. Michigan Ave.
Detroit, MI 48226-2592

my mother desperately need my help, every since my
Father died in Dec. 22, 2009 ! I will be
looking for a house to live in Michigan. -



6·16·2010

~~6-10-2010~~

~~5-12-2010~~

TO: LANDLORD

FROM: SHARON BRIDGEWATER APARTMENT #7
SAN LEANDRO, CA

RE: **30 DAY NOTICE,**

DEAR MARY,

I THINK YOU ARE THE GREATEST. THANK YOU FOR ALLOWING ME TO
LIVE IN YOUR APARTMENTS.

HOWEVER, WHEN MY FATHER DIED AROUND CHRISTMAS TIME, I WENT TO
MICHIGAN, AND THE PAST PROPERTY MANAGER ILLEGALLY ENTERED
INTO MY APARTMENT AND STOLE ITEMS, I HAVE BEEN SCARED TO LIVE IN
THE APARTMENTS ALONE, AND FEAR AT ANY GIVEN POINT SOMEONE
COULD BREAK INTO MY APARTMENT.

ALSO A LADY WAS FOUND DEAD IN HER APARTMENT AND WAS
DISCOVERED 10 DAYS LATER.

SHARON BRIDGEWATER

Exh # 4

## SC-100 Plaintiff's Claim and ORDER to Go to Small Claims Court

Clerk stamps date here when form is filed.

### Notice to the person being sued:

- You are the Defendant if your name is listed in ② on page 2 of this form. The person suing you is the Plaintiff, listed in ① on page 2.

- You and the Plaintiff must go to court on the trial date listed below. If you do not go to court, you may lose the case.

- If you lose, the court can order that your wages, money, or property be taken to pay this claim.

- Bring witnesses, receipts, and any evidence you need to prove your case.

- Read this form and all pages attached to understand the claim against you and to protect your rights.

Fill in court name and street address:

Superior Court of California, County of Alameda
Hayward Hall of Justice
24405 Amador Street
Hayward, CA  94544

### Aviso al Demandado:

- Usted es el Demandado si su nombre figura en ② de la página 2 de este formulario. La persona que lo demanda es el Demandante, la que figura en ① de la página 2

- Usted y el Demandante tienen que presentarse en la corte en la fecha del juicio indicada a continuación. Si no se presenta, puede perder el caso.

- Si pierde el caso la corte podría ordenar que le quiten de su sueldo, dinero u otros bienes para pagar este reclamo.

- Lleve testigos, recibos y cualquier otra prueba que necesite para probar su caso.

- Lea este formulario y todas las páginas adjuntas para entender la demanda en su contra y para proteger sus derechos.

Clerk fills in case number and case name:

**Case Number:**
HS10520747

**Case Name:**
Bridgewater VS Tonna

### Order to Go to Court

The people in ① and ② must go to court on: *(Clerk fills out section below)*

| Trial Date | Date | Time | Department | Name and address of court if different from above |
|---|---|---|---|---|
| | 1. 08/13/2010 | 01:30 PM | 504 | 24405 Amador Street, Hayward |
| | 2. | | | |
| | 3. | | | |

Date: _____06/17/2010_____    Clerk by, _____*Melynne Hayes* Digital_____, Deputy

### Instructions for the person suing:
- You are the Plaintiff. The person you are suing is the Defendant.

- *Before* you fill out this form, read Form SC-150, *Information for the Plaintiff (Small Claims),* to know your rights. Get SC-150 at any courthouse or county law library, or go to: *www.courtinfo.ca.gov/forms*

- Fill out pages 2 and 3 of this form. Then make copies of **all** pages of this form. (Make 1 copy for each party named in this case and an extra copy for yourself.) Take or mail the original and these copies to the court clerk's office and pay the filing fee. The clerk will write the date of your trial in the box above.

- You must have someone at least 18—not you or anyone else listed in this case—give each Defendant a court-stamped copy of all pages of this form and any pages this form tells you to attach. There are special rules for "serving," or delivering, this form to public entities, associations, and some businesses. See Forms SC-104, SC-104B, and SC-104C.

- **Go to court on your trial date listed above.** Bring witnesses, receipts, and any evidence you need to prove your case.

Judicial Council of California, *www.courtinfo.ca.gov*
Rev. January 1, 2007, Mandatory Form
Code of Civil Procedure, §§ 116.110 et seq.,
116.220(c), 116.340(g)

**Plaintiff's Claim and ORDER
to Go to Small Claims Court
(Small Claims)**

SC-100, Page 1 of 6

➔

Exh# 5

**UD-100**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| WILLIAM E. GILG | |
| Attorney at Law, SBN 151991 | |
| 305 San Bruno Avenue West | |
| San Bruno, CA 94066 | **FILED BY FAX** |
| TELEPHONE NO.: 650-871-8647   FAX NO.*(Optional):* 650-873-3168 | ALAMEDA COUNTY |
| E-MAIL ADDRESS *(Optional):* | July 27, 2010 |
| ATTORNEY FOR *(Name):* Plaintiffs | CLERK OF |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA | THE SUPERIOR COURT |
| STREET ADDRESS: 24405 Amador Street | By Sonya Arredondo, Deputy |
| MAILING ADDRESS: same | CASE NUMBER: |
| CITY AND ZIP CODE: Hayward, CA 94544 | HG10527647 |
| BRANCH NAME: Hayward Hall of Justice | |

PLAINTIFF: ROGER TONNA, MARY TONNA

DEFENDANT: SHARON BRIDGEWATER

[X] DOES 1 TO 10

| COMPLAINT - UNLAWFUL DETAINER* | CASE NUMBER: |
|---|---|
| [X] COMPLAINT   [ ] AMENDED COMPLAINT *(Amendment Number):* | |

**Jurisdiction** *(check all that apply):*
[X] ACTION IS A LIMITED CIVIL CASE
  Amount demanded      [X] does not exceed $10,000
              [ ] exceeds $10,000 but does not exceed $25,000

[ ] ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint *(check all that apply):*
  [ ] from unlawful detainer to general unlimited civil (possession not in issue)   [ ] from limited to unlimited
  [ ] from unlawful detainer to general limited civil (possession not in issue)   [ ] from unlimited to limited

1. PLAINTIFF *(name each):* Roger Tonna, Mary Tonna

  alleges causes of action against DEFENDANT *(name each):*
  Sharon Bridgewater

2. a. Plaintiff is   (1) [X] an individual over the age of 18 years.   (4) [ ] a partnership.
            (2) [ ] a public agency.         (5) [ ] a corporation.
            (3) [ ] other *(specify):*

  b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify):*

3. Defendant named above is in possession of the premises located at *(street address, apt. no., city, zip code, and county):*
  111 Preda St., #7
  San Leandro, CA 94577

4. Plaintiff's interest in the premises is   [X] as owner   [ ] other *(specify):*
5. The true names and capacities of defendants sued as Does are unknown to plaintiff.
6. a. On or about *(date):* June 5, 2009         defendant *(name each):*
  Sharon Bridgewater

  (1) agreed to rent the premises as a [ ] month-to-month tenancy [X] other tenancy *(specify):* 1 yr. Sec. 8
  (2) agreed to pay rent of $ 225.00 payable [X] monthly [ ] other *(specify frequency):*
  (3) agreed to pay rent on the [X] first of the month [ ] other day *(specify):*
  b. This [X] written [ ] oral   agreement was made with
  (1) [ ] plaintiff.            (3) [ ] plaintiff's predecessor in interest.
  (2) [X] plaintiff's agent.        (4) [ ] other *(specify):*

*NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

Form Approved for Optional Use
Judicial Council of California
UD-100 [Rev. July 1, 2005]
[Martin Dean's]
ESSENTIAL FORMS™

**COMPLAINT - UNLAWFUL DETAINER**

Civil Code, § 1940 et seq.
Code of Civil Procedure §§ 425.12, 1166
www.courtinfo.ca.gov

| PLAINTIFF *(Name):*   Roger Tonna, et al | CASE NUMBER: |
|---|---|
| DEFENDANT *(Name):*   Sharon Bridgewater, et al | |

6.  c. ☒ The defendants not named in item 6a are
     (1) ☐ **subtenants.**
     (2) ☐ **assignees.**
     (3) ☒ **other** *(specify):*   unknown.
  d. ☐ The agreement was later changed as follows *(specify):*

  e. ☒ A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached
     and labeled Exhibit 1. *(Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)*
  f. ☐ *(For residential property)* A copy of the written agreement is not attached because *(specify reason):*
     (1) ☐ the written agreement is not in the possession of the landlord or the landlord's employees or agents.
     (2) ☐ this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).
7. ☒ a. Defendant *(name each):* Sharon Bridgewater

    was served the following notice on the same date and in the same manner:
    (1) ☐ 3-day notice to pay rent or quit        (4) ☐ 3-day notice to perform covenants or quit
    (2) ☐ 30-day notice to quit            (5) ☐ 3-day notice to quit
    (3) ☐ 60-day notice to quit            (6) ☒ Other *(specify):* defendant served 30-day
  b. (1) On *(date):* July 16, 2010        the period stated in the notice expired at the end of the day.
     (2) Defendants failed to comply with the requirements of the notice by that date.
  c. All facts stated in the notice are true.
  d. ☐ The notice included an election of forfeiture.
  e. ☒ A copy of the notice is attached and labeled Exhibit 2. *(Required for residential property. See Code Civ. Proc.,*
     *§ 1166.)*
  f. ☐ One or more defendants were served (1) with a different notice, (2) on a different date, or (3) in a different
     manner, as stated in Attachment 8c. *(Check item 8c and attach a statement providing the information required*
     *by items 7a-e and 8 for each defendant.)*

8. a. ☒ The notice in item 7a was served on the defendant named in item 7a as follows:
    (1) ☒ by personally handing a copy to defendant on *(date):* June 16, 2010
    (2) ☐ by leaving a copy with *(name or description):*
        a person of suitable age and discretion, on *(date):*            at defendant's
        ☐ residence  ☐ business AND mailing a copy to defendant at defendant's place of residence on
        *(date):*                     because defendant cannot be found at defendant's residence or usual
        place of business.
    (3) ☐ by posting a copy on the premises on *(date):*       ☐ AND giving a copy to a
        person found residing at the premises AND mailing a copy to defendant at the premises on
        *(date):*
        (a) ☐ because defendant's residence and usual place of business cannot be ascertained OR
        (b) ☐ because no person of suitable age or discretion can be found there.
    (4) ☐ *(Not for 3-day notice; see Civil Code, § 1946 before using)* by sending a copy by certified or registered
        mail addressed to defendant on *(date):*
    (5) ☐ *(Not for residential tenancies; see Civil Code, § 1953 before using)* in the manner specified in a written
        commercial lease between the parties.
  b. ☐ *(Name):*
    was served on behalf of all defendants who signed a joint written rental agreement.
  c. ☐ Information about service of notice on the defendants alleged in item 7f is stated in Attachment 8c.
  d. ☐ Proof of service of the notice in item 7a is attached and labeled Exhibit 3.

L0 ˙d       ES:6l  0l0Z 9Z lnſ      89lɛ-ɛ7ʇ8-0S9:xɐɟ       SƎƆIℲℲO SOƐ

| PLAINTIFF (Name): Roger Tonna, et al | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): Sharon Bridgewater, et al | |

9. ☐ Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.

10. ☐ At the time the 3-day notice to pay rent or quit was served, the amount of **rent due** was $      0.00

11. ☒ The fair rental value of the premises is $      7.50 per day.

12. ☐ Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). *(State specific facts supporting a claim up to $600 in Attachment 12.)*

13. ☐ A written agreement between the parties provides for attorney fees.

14. ☐ Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*

     Plaintiff has met all applicable requirements of the ordinances.

15. ☐ Other allegations are stated in Attachment 15.

16. Plaintiff accepts the jurisdictional limit, if any, of the court.

17. **PLAINTIFF REQUESTS**
     a. possession of the premises.
     b. costs incurred in this proceeding:
     c. ☐ past-due rent of $      0.00
     d. ☐ reasonable attorney fees.
     e. ☒ forfeiture of the agreement.
     f. ☒ damages at the rate stated in item 11 from
         *(date):* July 17, 2010   for each day that
         defendants remain in possession through entry of judgment.
     g. ☐ statutory damages up to $600 for the conduct alleged in item 12.
     h. ☒ other *(specify):* For such other and futher relief.

18. ☒ Number of pages attached *(specify):* 4

## UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400-6415)

19. *(Complete in all cases.)* An unlawful detainer assistant ☒ did **not** ☐ did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, state:)*
     a. Assistant's name:
     b. Street address, city, and zip code:
     c. Telephone No.:
     d. County of registration:
     e. Registration No.:
     f. Expires on *(date):*

Date: July 26, 2010

William E. Gilg
     (TYPE OR PRINT NAME)        ►        (SIGNATURE OF PLAINTIFF OR ATTORNEY)

## VERIFICATION

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

     (TYPE OR PRINT NAME)        ►        (SIGNATURE OF PLAINTIFF)

UD-100 [Rev. July 1, 2005]
Martin Dean's
ESSENTIAL FORMS™

**COMPLAINT - UNLAWFUL DETAINER**      Page 3 of 3

Housing Assistance Payments Contract
(HAP Contract)
Section 8 Tenant-Based Assistance
Housing Choice Voucher Program

U.S. Department of Housing
and Urban Development
Office of Public and Indian Housing

OMB Approval. 2577-0169
(exp. 07/31/2007)
USG REP. IXEN BEANOS
Phone: (510)727-8596

HAP Contract #

Part A of the HAP Contract: Contract Information
(To prepare the contract, fill out all contract information in Part A.)

1. Contents of Contract
   This HAP contract has three parts:
   Part A: Contract Information
   Part B: Body of Contract
   Part C: Tenancy Addenda

2. Tenant (Enter full name of tenant)
   SHARON BRIDGEWATER

3. Contract Unit
   113 PREDA STREET #7
   SAN LEANDRO, CA.94577.

4. Household
   The following persons may reside in the unit. Other persons may not be added to the household without prior written
   approval of the owner and the PHA.
   SHARON BRIDGEWATER

5. Initial Lease Term
   The initial lease term begins on (mm/dd/yyyy): _06/05/2009_
   The initial lease term ends on (mm/dd/yyyy): _06/04/2010_

6. Initial Rent to Owner
   The initial rent to owner is: _$1202.00_
   During the initial lease term, the owner may not raise the rent to owner.

7. Initial Housing Assistance Payment
   The HAP contract term commences on the first day of the initial lease term. At the beginning of the HAP contract
   term, the amount of the housing assistance payment by the PHA to the owner is _$977.00_ per month.

   The amount of the monthly housing assistance payment by the PHA to the owner is subject to change during the HAP
   contract term in accordance with HUD requirements.

Previous editions are obsolete

Page 1 of 10

form HUD-52641 (1/2007)
ref Handbook 7420.8

02825A/33V067-206/03T4809-002/BRIDGEWATER, SHARON/5225/8: 28917

HOUSING AUTHORITY OF THE COUNTY OF ALAMEDA
22941 ATHERTON ST, HAYWARD, CA. 94541-6633
(510)538-8876

HOUSING CHOICE VOUCHER PROGRAM

October 5, 2009

TO: TONNA, ROGER
PO BOX 266
BELMONT, CA 94002-

Tenant: SHARON BRIDGEWATER
111 PREDA STREET #7
SAN LEANDRO, CA 94577

### NOTICE OF CHANGE

### EFFECTIVE DATE OF CHANGE: 06/05/09

The reason for this change is due to:

[ ] REEXAMINATION
Annual Review of family income and / or composition.

[ ] INTERIM ADJUSTMENT
Interim correction in family income and / or composition.

[ ] RENT ADJUSTMENT
The owner / agent request for a rent adjustment that has been
approved by the Housing Authority.

[ ] CHANGE IN FAMILY COMPOSITION
Add:                          Delete:

_____          _____
_____          _____
_____          _____

[X] OTHER

*********** REPORT INCOME CHANGES IMMEDIATELY TO HOUSING ***********
ADJUSTMENTS IN PAYMENTS

|                      | FROM   | TO         |
|----------------------|--------|------------|
| HAP Payment          | $0.00  | $977.00    |
| Tenant Rent          | $0.00  | $225.00    |
| Total Contract Rent  | $0.00  | $1,202.00  |

TO THE TENANT ONLY

If you disagree with this decision, you may request an informal
hearing. If a hearing is desired, you must submit a written request
to this office within 14 business days of the date of this notice or
your right to a hearing will be waived.

By: __LYNN SHANKS_____
(510)727-8596

206/03V4809-002/BRIDGEWATER, SHARON/02825A/#: 28917

Owner Copy

6·16·2010 

6~~~~~~~~~~~~

5~~~~~~~~

TO: LANDLORD

FROM: SHARON BRIDGEWATER APARTMENT #7
   SAN LEANDRO, CA

RE: **30 DAY NOTICE,**

DEAR MARY,

I THINK YOU ARE THE GREATEST. THANK YOU FOR ALLOWING ME TO
LIVE IN YOUR APARTMENTS.

HOWEVER, WHEN MY FATHER DIED AROUND CHRISTMAS TIME, I WENT TO
MICHIGAN, AND THE PAST PROPERTY MANAGER ILLEGALLY ENTERED
INTO MY APARTMENT AND STOLE ITEMS, I HAVE BEEN SCARED TO LIVE IN
THE APARTMENTS ALONE, AND FEAR AT ANY GIVEN POINT SOMEONE
COULD BREAK INTO MY APARTMENT.

ALSO A LADY WAS FOUND DEAD IN HER APARTMENT AND WAS
DISCOVERED 10 DAYS LATER.

SHARON BRIDGEWATER

**VERIFICATION**

STATE OF CALIFORNIA, COUNTY OF  ALAMEDA

I have read the foregoing Complaint in Unlawful Detainer

and know its contents.

☐ **CHECK APPLICABLE PARAGRAPHS**

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am ☐ an Officer ☐ a partner
☐ a                          of

a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.
☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☐ The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒ I am one of the attorneys for  Plaintiff
a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on  July 26, 2010                        , at  San Bruno                              , California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

William E. Gilg
_____                    _____
TYPE OR PRINT NAME                                          SIGNATURE

**PROOF OF SERVICE**
1013a (3) CCP Revised 2004

STATE OF CALIFORNIA, COUNTY OF
I am employed in the county of                                                        , State of California.
I am over the age of 18 and not a party to the within action; my business address is:

On                                                                    , I served the foregoing document described as

on                                              . in this action .
☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
☐ by placing  ☐ the original  ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ **BY MAIL**
    ☐ *I deposited such envelope in the mail at                                                    , California.
    The envelope was mailed with postage thereon fully prepaid.
    ☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at
                                                    California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on                                              at                                              , California.
☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.
Executed on                                              at                                              , California.
☐ (State)     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
☐ (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was
                 made.

_____                    _____
TYPE OR PRINT NAME                                          SIGNATURE

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN
MAIL SLOT, BOX, OR BAG)

**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

NONJC-015 (Rev. 07/01/2010)                          **VERIFICATION/PROOF OF SERVICE**

Martin Dean's
ESSENTIAL FORMS™

p. 12          19:54  Jul 26 2010          Fax:650-873-3168          305 OFFICES

CP10.5

**NOTICE:** EVERYONE WHO LIVES IN THIS RENTAL UNIT MAY BE EVICTED BY COURT ORDER. READ THIS FORM IF YOU LIVE HERE AND IF YOUR NAME IS NOT ON THE ATTACHED SUMMONS AND COMPLAINT.

1. If you live here and you do not complete and submit this form within 10 days of the date of service shown on this form, you will be evicted without further hearing by the court along with the persons named in the Summons and Complaint.
2. If you file this form, your claim will be determined in the eviction action against the persons named in the Complaint.
3. If you do not file this form, you will be evicted without further hearing.

| CLAIMANT OR CLAIMANT'S ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| ATTORNEY FOR (Name): | | |

**NAME OF COURT:** Superior Court of California, Limited Jurisdiction
**STREET ADDRESS:** County of Alameda
**MAILING ADDRESS:** 24405 Amador Street
**CITY AND ZIP CODE:** Hayward, CA 94544
**BRANCH NAME:** Hayward Hall of Justice

**PLAINTIFF:** Roger Tonna, Mary Tonna

**DEFENDANT:** Sharon Bridgewater, et al

| | CASE NUMBER: |
|---|---|
| **PREJUDGMENT CLAIM OF RIGHT TO POSSESSION** | |

| Complete this form only if ALL of these statements are true:<br>1. You are NOT named in the accompanying Summons and Complaint.<br>2. You occupied the premises on or before the date the unlawful detainer (eviction) Complaint was filed.<br>3. You still occupy the premises. | (To be completed by the process server)<br>DATE OF SERVICE:<br><br>(Date that this form is served or delivered, and posted, and mailed by the officer or process server) |
|---|---|

I DECLARE THE FOLLOWING UNDER PENALTY OF PERJURY:

1. My name is (specify):

2. I reside at (street address, unit No., city and ZIP code):

3. The address of "the premises" subject to this claim is (address):

4. On (insert date): [                    ], the landlord or the landlord's authorized agent filed a complaint to recover possession of the premises. (This date is the court filing date on the accompanying Summons and Complaint.)

5. I occupied the premises on the date the complaint was filed (the date in item 4). I have continued to occupy the premises ever since.

6. I was at least 18 years of age on the date the complaint was filed (the date in item 4).

7. I claim a right to possession of the premises because I occupied the premises on the date the complaint was filed (the date in item 4).

8. I was not named in the Summons and Complaint.

9. I understand that if I make this claim of right to possession, I will be added as a defendant to the unlawful detainer (eviction) action.

10. (Filing fee) I understand that I must go to the court and pay a filing fee of $             or file with the court the form "Application for Waiver of Court Fees and Costs." I understand that if I don't pay the filing fee or file with the court the form for waiver of court fees within 10 days from the date of service on this form (excluding court holidays), I will not be entitled to make a claim of right to possession.

(Continued on reverse)

| CP10.5 [New January 1, 1991] | **PREJUDGMENT CLAIM OF RIGHT TO POSSESSION** | Code of Civil Procedure §§ 415.46, 715.010, 715.020, 1174.25 |
|---|---|---|


Martin Dean's
ESSENTIAL FORMS™

| PLAINTIFF *(Name)*: Roger Tonna, et al | CASE NUMBER: |
|---|---|
| DEFENDANT *(Name)*: Sharon Bridgewater, et al | |

> **NOTICE: If you fail to file this claim, you will be evicted without further hearing.**

11. *(Response required within five days after you file this form)* I understand that I will have *five days* (excluding court holidays) to file a response to the Summons and Complaint after I file this Prejudgment Claim of Right to Possession form.

12. **Rental agreement.** I have *(check all that apply to you)*:
   a. ☐ an oral rental agreement with the landlord.
   b. ☐ a written rental agreement with the landlord.
   c. ☐ an oral rental agreement with a person other than the landlord.
   d. ☐ a written rental agreement with a person other than the landlord.
   e. ☐ other *(explain)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

> **WARNING: Perjury is a felony punishable by imprisonment in the state prison.**

Date:

_____   ▶ _____
(TYPE OR PRINT NAME)                   (SIGNATURE OF CLAIMANT)

> **NOTICE:** If you file this claim of right to possession, the unlawful detainer (eviction) action against you will be determined at trial. At trial, you may be found liable for rent, costs, and, in some cases, treble damages.

## - NOTICE TO OCCUPANTS -

**YOU MUST ACT AT ONCE if all the following are true:**
1. You are NOT named in the accompanying Summons and Complaint.
2. You occupied the premises on or before the date the unlawful detainer (eviction) complaint was filed. *(The date is the court filing date on the accompanying Summons and Complaint.)*
3. You still occupy the premises.

*(Where to file this form)* You can complete and SUBMIT THIS CLAIM FORM WITHIN 10 DAYS from the date of service (on the reverse of this form) at the court where the unlawful detainer (eviction) complaint was filed.

*(What will happen if you do not file this form)* If you do not complete and submit this form (and pay a filing fee or file the form for proceeding in forma pauperis if you cannot pay the fee), YOU WILL BE EVICTED.

After this form is properly filed, you will be added as a defendant in the unlawful detainer (eviction) action and your right to occupy the premises will be decided by the court. *If you do not file this claim, you will be evicted without a hearing.*

CP10.5 [New January 1, 1991]

**PREJUDGMENT CLAIM OF RIGHT TO POSSESSION**
Page two

Exh # 6

*8095989*

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, state bar number, and address)*:<br>─ WILLIAM E. GILG                         SBN 151991<br>Attorney at Law<br>305 San Bruno Avenue West<br>San Bruno, CA 94066<br>**TELEPHONE NO.:** 650-871-8647   **FAX NO.** *(Optional)*: 650-873-3168<br>**E-MAIL ADDRESS** *(Optional)*:<br>**ATTORNEY FOR** *(Name)*:   Plaintiffs | **FILED**<br>**ALAMEDA COUNTY**<br><br>SEP 2 1 2010<br><br>**CLERK OF THE SUPERIOR COURT**<br>By _____<br>                    Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**  ALAMEDA
**STREET ADDRESS:** 24405 Amador Street
**MAILING ADDRESS:** Same
**CITY AND ZIP CODE:** Hayward, CA 94544
**BRANCH NAME:** Hayward Hall of Justice

**PLAINTIFF:** ROGER TONNA, MARY TONNA

**DEFENDANT:** SHARON BRIDGEWATER

| JUDGMENT - UNLAWFUL DETAINER | | **CASE NUMBER:** |
|---|---|---|
| [ ] By Clerk   [ ] By Default   [X] After Court Trial<br>[X] By Court  [ ] Possession Only  [ ] Defendant Did Not<br>                                          Appear at Trial | | HG10-527647 |

## JUDGMENT

1. [ ] **BY DEFAULT**
   a. Defendant was properly served with a copy of the summons and complaint.
   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
   c. Defendant's default was entered by the clerk upon plaintiff's application.
   d. [ ] **Clerk's Judgment** (Code Civ. Proc., § 1169). For possession only of the premises described on page 2 (item 4).
   e. [ ] **Court Judgment** (Code Civ. Proc., § 585(b)). The court considered
      (1) [ ] plaintiff's testimony and other evidence.
      (2) [ ] plaintiff's or others' written declaration and evidence (Code Civ. Proc., § 585(d)).

2. [X] **AFTER COURT TRIAL.** The jury was waived. The court considered the evidence.

   a. The case was tried on *(date and time)*: September 21, 2010 at 9:00 AM

   before *(name of judicial officer)*: Hon. JoLynn Lee

   b. Appearances by:

   [X] Plaintiff *(name each)*:                    [X] Plaintiff's attorney *(name each)*:

      Roger Tonna                                 (1) William E. Gilg

      Mary Tonna                                  (2)

   [ ] Continued on *Attachment 2b* (form MC-025).

   [X] Defendant *(name each)*:                   [ ] Defendant's attorney *(name each)*:

      Sharon Bridgewater                          (1)

                                                  (2)

   [ ] Continued on *Attachment 2b* (form MC-025).

   c. [ ] Defendant did not appear at trial. Defendant was properly served with notice of trial.

   d. [ ] A statement of decision (Code Civ. Proc., § 632) [ ] was not  [ ] was  requested.

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>UD-110 [New January 1, 2003] | **JUDGMENT - UNLAWFUL DETAINER** | Code of Civil Procedure, §§ 415.46,<br>585(d), 664.6, 1169 |

Martin Dean's
ESSENTIAL FORMS™

| PLAINTIFF: Roger Tonna, et al | ~~CASE~~ NUMBER: |
|---|---|
| DEFENDANT: Sharon Bridgewater | HG10-527647 |

**JUDGMENT IS ENTERED AS FOLLOWS BY:**   [X] THE COURT   [ ] THE CLERK

3. **Parties.** Judgment is

   a. [X] for plaintiff *(name each)*:   Roger Tonna, Mary Tonna

      and against defendant *(name each)*: Sharon Bridgewater

      [ ] Continued on *Attachment* 3a (form MC-025).

   b. [ ] for defendant *(name each)* :

4. [X] Plaintiff   [ ] Defendant  is entitled to possession of the premises located at *(street address, apartment, city, and county)*:
111 Preda St., #7
San Leandro        CA    94577

5. [ ] Judgment applies to all occupants of the premises including tenants, subtenants if any, and named claimants if any (Code Civ. Proc., §§ 715.010, 1169 and 1174.3).

6. [X] **Amount and terms of judgment**

   a. [X] Defendant named in item 3a above must pay plaintiff on the complaint:
   b. [ ] Plaintiff is to receive nothing from defendant named in item 3b.
      [ ] Defendant named in item 3b is to recover costs: $
      [ ] and attorney fees: $

| | | | |
|---|---|---|---|
| (1) [ ] Past-due rent | $ | | |
| (2) [X] Holdover damages | $ *502.50* | | |
| (3) [ ] Attorney fees | $ | | |
| (4) [X] Costs | $ | 220.00 | |
| (5) [ ] Other *(specify)* : | $ | | |
| (6) TOTAL JUDGMENT | $ | ~~220.00~~ | *722.50 rl* |

   c. [X] The rental agreement is canceled.   [X] The lease is forfeited.

7. [ ] **Conditional judgment.** Plaintiff has breached the agreement to provide habitable premises to defendant as stated in *Judgment-Unlawful Detainer Attachment* (form UD-110S), which is attached.

8. [ ] **Other** *(specify)* :

   [ ] Continued on *Attachment* 8 (form MC-025).

Date:

Date: 9/21/10

[ ] _____ JUDICIAL OFFICER

[ ] Clerk, by _____, D

| (SEAL) | **CLERK'S CERTIFICATE** *(Optional)* |
|---|---|
| | I certify that this is a true copy of the original judgment on file in the court. |
| | Date: |
| | Clerk, by _____ |

UD-110 [New January 1, 2003]
**JUDGMENT - UNLAWFUL DETAINER**

Martin Dean's
ESSENTIAL FORMS™

#7

Attorney at Law
Attn: Gilg, William E.
305 San Bruno Avenue West
San Bruno, CA 94066

Sharon Bridgewater
111 Preda #7
San Leandro, CA 94577___

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | No. HG10527647 |
|---|---|
| **Tonna** | |
| Plaintiff/Petitioner(s) | **Minutes** |
| **VS.** | |
| **Bridgewater** | |
| Defendant/Respondent(s) | |
| **(Abbreviated Title)** | |

Department 22           Honorable   Jo-Lynne Q. Lee           , Judge
Reporter   Michael Shintaku CSR #8251

Cause called for Jury Trial on September 21, 2010.

Plaintiff Mary Tonna appearing represented by Gilg, William E..
Plaintiff Roger Tonna appearing represented by Gilg, William E..
Defendant Sharon Bridgewater not appearing.

Document Registered: Trial Briefs

09:45 AM - Defendant has failed to appear for trial. Plaintiffs agree to go forward with a court trial.

Roger and Mary Tonna are placed under oath.

Plaintiffs provides their offer of proof.

IT IS ADJUDGED that plaintiff, Roger Tonna; Mary Tonna recover of and from the Defendant, Sharon Bridgewater the sum of $502.50 principal, $0.00 interest, $0.00 attorney fees and $220.00 costs.

Notices will be mailed.

Minutes of     09/21/2010
Entered on     09/21/2010

Executive Officer / Clerk of the Superior Court

By _____

Deputy Clerk

**Minutes**



PNPO

1    Sharon Bridgewater
    111 Preda Street # 7
2    San Leandro, Ca 94577

3

4    In Pro Per

5

6

7

8                 SUPERIOR COURT OF CALIFORNIA

9                     ALAMEDA COUNTY

10

11    Roger Tonna et al                CASE No. HG10527647

12         Plaintiff,              DEFENDANTS DEMANDS JURY TRIAL

13         vs

14    Sharon Bridgewater

15         Defendant.

16

17        Defendant herein files her demand for jury trial in the above entitled case.

18

19

20    Dated Aug. 18, 2010

21                         Sharon Bridgewater

22

23

24

25

26

27

28                           1

F I L E D
ALAMEDA COUNTY
AUG 19 2010
CLERK OF THE SUPERIOR COURT
By _____
                 Deputy

*8725298*

Exh  #8

(ne and Address):
Sharon Bridgewater

111 Preda St # 7

San Leandro, CA 94577

NAME OF COURT, JUDICIAL DISTRICT or BRANCH COURT, IF ANY:

Alameda County Superior - Hayward
24405 Amador Street
Hayward, CA 94544
Hayward Hall of Justice

PLAINTIFF:
Roger Tonna, Mary Tonna
DEFENDANT:
Sharon Bridgewater

LEVYING OFFICER (Name and Address):
Alameda County Sheriff's Office
Sheriff's Civil Unit
Room 104
1225 Fallon St.
Oakland, CA 94612

(510) 272-6910
Fax: (510) 272-6811

California Relay Service Number
(800) 735-2929 TDD or 711

COURT CASE NO.:

HG10527647

## Notice to Vacate

LEVYING OFFICER FILE NO.:

2010010008

By virtue of the Writ of Execution for Possession/Real Property (eviction), issued out of the above court, you are hereby ordered to vacate the premises described on the writ.

| Eviction Address: | 111 Preda St # 7<br>San Leandro, CA 94577 |
|---|---|

Final notice is hereby given that possession of the property must be turned over to the landlord on or before:

| Final notice is hereby given that possession of the property must be turned over to the landlord on or before: | Wednesday, September 29, 2010 6:01 AM |
|---|---|

Should you fail to vacate the premises within the allotted time, I will immediately enforce the writ by removing you from the premises. All personal property upon the premises at the time will be turned over to the landlord, who must return said personal property to you upon your payment of the reasonable cost incurred by the landlord in storing the property from the date of eviction to the date of payment. If the property is stored on the landlord's premises, the reasonable cost of storage is the fair rental value of the space necessary for the time of storage. If you do not pay the reasonable storage costs and take possession within fifteen (15) days, the landlord may either sell your property at a public sale and keep from the proceeds of the sale the costs of storage and of the sale (1988 CCC), or, if the property is valued at less than $300.00, the landlord may dispose of your property or retain it for his own use. (715.010(b)(3), 1174 CCP)

If you claim a right of possession of the premises that accrued prior to the commencement of this action, or if you were in possession of the premises on the date of the filing of the action and you are not named on the writ, complete and file the attached Claim of Right of Possession form with this office. No claim of right to possession can be filed if box 24a(1) located on the back of the writ is checked.



Gregory J. Ahern
Sheriff-Coroner

By: _____    **S. GRAJEDA #1223**

Sheriff's Authorized Agent

CPM Form 8.32
11/30/2009 (Revised)

**Original**

Exh #9



**U.S. Department of Housing and Urban Development**
Office of Fair Housing and Equal Opportunity – Region IX
600 Harrison Street, 3rd Floor
San Francisco, California 94107-1387
Voice: (800) 347-3739 (415) 489-6524
TTY: (415) 489-6564 Fax: (415) 489-6560
www.hud.gov
espanol.hud.gov

OCT 1 9 2010

Sharon Bridgewater
111 Preda Street, Apt. 7
San Leandro, CA  94577

Dear Ms. Bridgewater:

Subject:    Housing Discrimination Inquiry
            Bridgewater v Tonna Trust, Mary and Roger, et al.
            HUD Inquiry No. 307693

     The above-referenced housing discrimination inquiry was received by the
U. S. Department of Housing and Urban Development (the "Department") pursuant
to the federal fair housing laws.  This claim has been administratively
closed for lack of jurisdiction because federal fair housing laws do not
cover the subject matter and/or bases of the alleged discrimination.

     This Office only has power to address issues recognized under federal
Fair Housing laws.  We cannot address any other legal matters.  We believe
that you should address your concerns as follows.

     Since your problem concerns the application of California state law
concerning a general housing matter, and the subject property is not HUD-
assisted, you are advised to contact the *California State Department of
Consumer Affairs at (800) 952-5210.*  The federal government has no
jurisdiction over these state law issues.

     This administrative closure does not represent a judgment upon the
merits of the allegations contained in the claim.

     The Fair Housing Act provides that, notwithstanding this action by the
Department, a Complainant may file a civil action in an appropriate United
States District Court, or a State Court, no later than two (2) years after
the occurrence or the termination of the alleged discriminatory housing
practice(s).  The computation of this two-year period does not include the
time during which the claim was pending with the Department.

     Should there be questions about this closure, please contact **Debbie
Harmon, Intake Specialist, at (800) 347-3739 Ext. 6535 or (415) 489-6535.**

When calling the 800 number, there is a lengthy message which you can bypass by entering 6535# at the start of the message.  **You can also contact Ms. Harmon via EMAIL, Debbie.L.Harmon@hud.gov.**

Sincerely,

Paul E. Smith
Chief
Intake Branch
Office of Fair Housing and
   Equal Opportunity