IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHARON BRIDGEWATER,

    Plaintiff,

v.

ROGER TONNA, et al.,

    Defendants.

No. C-10-4966 MMC

**ORDER DENYING PLAINTIFF'S MOTION FOR ORDER SHORTENING TIME; DENYING PLAINTIFF'S APPLICATION FOR RESTRAINING ORDER**

    Before the Court is plaintiff's "Ex Parte Motion to Shorten Time," filed January 12, 2011, and plaintiff's "Ex Parte Application for TRO Re - Preliminary and Permanent Injunction," also filed January 12, 2011. Having read and considered the above-referenced filings, the Court rules as follows:

    1. Plaintiff's motion for an order shortening time, by which plaintiff seeks to have her motions to amend and for summary adjudication heard prior to the currently-scheduled February 18, 2011 hearing, is hereby DENIED, for the reason that plaintiff has failed to show good cause exists to hear either the motion to amend or the motion for summary adjudication on shortened time. See Civil L.R. 6-3(a) (providing motion to shorten time must include, inter alia, showing that "substantial harm or prejudice" would occur if time not shortened).

//

2. Plaintiff's application for a temporary restraining order, by which plaintiff seeks an order requiring defendants to immediately provide plaintiff with money and/or an order attaching defendants' assets, is hereby DENIED, for the reason that plaintiff has failed to show she is likely to succeed on the merits of her claims.[1]  See Winter v. Natural Res. Def. Council, 555 U.S. 7, 129 S. Ct. 365, 374, 376 (2008) (holding preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief,"  and may not be awarded absent a showing that such plaintiff is likely to succeed on the merits).[2]  Moreover, plaintiff has failed to show the instant action is the type of action in which issuance of a writ of attachment is, under any circumstance, proper.  See Cal. Code Civ. Proc. § 483.010(a) (providing "attachment may be issued only in an action on a claim or claims for money, each of which is based upon a contract, express or implied, where the total amount of the claim or claims is a fixed or readily ascertainable amount"); Fed. R. Civ. P. 64(a) (providing state law governs availability of prejudgment "seizure of property to secure satisfaction of a potential judgment").

**IT IS SO ORDERED.**

Dated: January 18, 2011

MAXINE M. CHESNEY
United States District Judge

---

[1] Contrary to plaintiff's argument, no defendant is in default.

[2] An application for a temporary restraining order must satisfy the same requirements.  See New Motor Vehicle Board v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977).

2