United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHARON BRIDGEWATER,

        Plaintiff,

  v.

ROGER TONNA, et al.,

        Defendants.

_____/

No. C-10-4966 MMC

**ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY HER FEDERAL CLAIMS SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A CLAIM; CONTINUING HEARING ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND MOTION FOR SUMMARY ADJUDICATION**

Before the Court is the Motion to Dismiss, filed November 27, 2010 by defendants Roger Tonna, Mary Tonna (collectively, "the Tonnas"), and William Gilg ("Gilg"), noticed for hearing January 14, 2011.[1] Plaintiff Sharon Bridgewater ("Bridgewater"), who proceeds pro se, has not filed opposition. Having read and considered the papers filed in support of the motion, the Court notes that each of Bridgewater's federal claims appears to be subject to dismissal on grounds not raised by defendants.[2]

First, Bridgewater's First Claim for Relief, titled "Civil Conspiracy," and Seventh Claim for Relief, titled "Conspiracy to Violate Civil Rights 42 U.S.C. § 1985(3)," each of

_____

[1]By order filed January 5, 2011, the Court took the motion under submission.

[2]The Court has jurisdiction over the above-titled action pursuant to 28 U.S.C. § 1331; the parties are not diverse. (See Compl. ¶ 3.)

which is based on the allegation that defendants conspired to deprive Bridgewater of "property without due process of law" (see Compl. 9:6-7; see also Compl. ¶¶ 13,128), are subject to dismissal for the reason that Bridgewater fails to allege any "state action" by defendants, each of whom is a private party.  See United Bhd. of Carpenters & Joiners of Am., Local 610 v. Scott, 463 U.S. 825, 830-34 (1983) (holding, where § 1985(3) claim is based on alleged deprivation of federal right that requires state action, claim cannot be based on "private conspirac[y] that in no way involve[s] the state"); Lugar v. Edmondson Oil Co., 457 U.S. 922, 924 (1982) (holding claim that defendants deprived plaintiff of property without due process is claim requiring state action; finding plaintiff failed to allege state action where plaintiff alleged defendant obtained plaintiff's property through "misuse or abuse" of state court proceeding).

Second, Bridgewater's Ninth Claim for Relief, titled "Violation of the Fair Debt Collection Practice Act," which claim is based on the allegation that Gilg, an attorney, "used fraudulent, unfair, illegal, deceptive debt collection practices" to collect a "debt" and gain possession of an apartment Bridgewater had rented from the Tonnas (see Compl. ¶¶ 151-54), is subject to dismissal for the reason Bridgewater fails to allege any facts to support a finding that Gilg is a "debt collector" for purposes of the Fair Debt Collection Practice Act. See 15 U.S.C. § 1692a(6).  Moreover, Bridgewater has failed to allege any facts to support a finding that Gilg's "practices," specifically, his filing and prosecution of an unlawful detainer action on behalf of the Tonnas, constitutes "unfair or unconscionable means" to collect unpaid rent or obtain possession of the apartment.  See 15 U.S.C. § 1692f.

Accordingly, Bridgewater will be directed to show cause why her federal claims should not be dismissed for the above-stated reasons.  See Wong v. Bell, 642 F.2d 359, 361 (9th Cir. 1981) (holding "trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim").[3]

//

---

[3]Defendants' motion to dismiss, which motion, as noted, is based on grounds other than set forth above, remains under submission.

2

1

**CONCLUSION**

2          For the reasons stated above:

3          1.  Bridgewater is hereby ORDERED TO SHOW CAUSE, in writing, filed with the

4   Court and served on opposing counsel no later than March 18, 2011, why her federal

5   claims should not be dismissed for the reasons stated above.

6          2.  Defendants shall file any reply to Bridgewater's response no later than March 25,

7   2011.

8          3.  In light of the instant order to show cause, the hearing on Bridgewater's motion

9   for leave to amend and her motion for summary adjudication is hereby CONTINUED from

10  March 25, 2011 to April 29, 2011, at 9:00 a.m.

11         **IT IS SO ORDERED.**

12

13  Dated: February 28, 2011

14                                                    MAXINE M. CHESNEY
                                                      United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3