IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON BRIDGEWATER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ROGER TONNA, et al.,<br><br>　　　　Defendants.<br>_____/ | No. C-10-4966 MMC<br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT; DENYING ALL PENDING MOTIONS; DIRECTIONS TO CLERK** |

　　　Before the Court is plaintiff Sharon Bridgewater's ("Bridgewater") Reply, filed March 17, 2011, in which Bridgewater responds to the Court's February 28, 2011 order directing Bridgewater, who proceeds pro se, to show cause why the federal claims alleged in her Complaint should not be dismissed for failure to state a claim upon which relief can be granted. Also before the Court is defendants Roger Tonna, Mary Tonna (collectively, "the Tonnas"), and William Gilg's ("Gilg") response thereto, filed March 25, 2011. Having read and considered the parties' respective submissions, the Court rules as follows.

**A. Plaintiff's Complaint**

　　　For the reasons stated in the Court's February 28, 2011 order, the First and Second Claims for Relief, by which Bridgewater alleges that defendants conspired, in violation of 42 U.S.C. § 1985(3), to deprive her of property without due process, are subject to dismissal, specifically, for the reason that Bridgewater fails to allege state action. Further,

1  for the reasons stated in the Court's February 28, 2011 order, the Ninth Claim for Relief, by
2  which Bridgewater alleges Gilg, an attorney, violated the Fair Debt Collection Practice Act
3  ("FDCPA") by filing an unlawful detainer action on behalf of the Tonnas, is subject to
4  dismissal, specifically, for the reason that Bridgewater fails to allege any facts to support a
5  finding said defendant is a debt collector for purposes of the FDCPA.

6        In light of the dismissal of the federal claims, the Court declines to exercise
7  jurisdiction over the remaining claims, each of which arises under state law.  See 28 U.S.C.
8  § 1367(a)(3).[1]

9        Accordingly, the Complaint, in its entirety, will be dismissed.

**B.  Pending Motions Other Than Motion For Leave To Amend**

11        In light of the dismissal of the Complaint, defendants' motion to dismiss, filed
12  November 27, 2010, will be denied as moot, and Bridgewater's motion for summary
13  adjudication, filed January 7, 2011 and amended February 14, 2001, will be denied.

14        Further, Bridgewater's motion for a temporary restraining order, filed March 17,
15  2011, and motion for a preliminary injunction, filed March 23, 2011, will be denied, for the
16  reason that Bridgewater, in light of the dismissal of her Complaint, cannot establish she is
17  likely to succeed on the merits of the claims.  See Winter v. Natural Res. Def. Council, Inc.,
18  129 S. Ct. 365, 374 (2008) (holding party seeking injunction "must establish," inter alia, he
19  is "likely to succeed on the merits" of his claim).

**C.  Motion For Leave to Amend**

21        Lastly, the Court considers Bridgewater's motion for leave to amend, filed January 7,
22  2011, as amended January 24, 2011, February 14, 2011 and February 15, 2011.

23        Although a court "should freely give leave [to amend] when justice so requires," see
24  Fed. R. Civ. P. 15(a)(2), leave is properly denied where the proposed claims would be
25  subject to dismissal.  See Moore v. Kayport Packaging Express, Inc., 885 F.2d 531, 538
26  (9th Cir. 1989).  Here, for the reasons stated below, the Court finds each federal claim in

---

[1] The Court has jurisdiction over the above-titled action pursuant to 28 U.S.C. § 1331; the parties are not diverse.  (See Compl. ¶ 3.)

Bridgewater's proposed amended complaint is subject to dismissal.[2]

The proposed First Claim for Relief, titled "Civil Conspiracy," and the proposed Sixth Claim for Relief, titled "Conspiracy to Violate Civil Rights 42 U.S.C. § 1985(3)," are, in each instance, based on the allegation that defendants conspired to deprive Bridgewater of property without due process. For the reasons stated above with respect to the First and Seventh Claims for Relief as alleged in Bridgewater's initial Complaint, such proposed claims would be subject to dismissal. Further, any additional amendment of such claims would be futile. See Bloomer Shippers Ass'n v. Illinois Central Gulf R.R.. Co., 655 F.2d 772, 775-76 (7th Cir. 1981) (holding defendant's filings of unlawful detainer actions insufficient to constitute state action; noting "use of a courthouse is not state action").

The proposed Twelfth Claim for Relief, titled "Violation of the American[s] with Disabilities Act, Civil Rights Act, and the Fair Housing Act," is based on the allegation that the Tonnas instituted the unlawful detainer action against Bridgewater on account of animus based on Bridgewater's disability and/or race. To the extent said proposed claim is based on a violation of the Americans with Disabilities Act ("ADA"), the claim would be subject to dismissal without leave to amend because, although the ADA prohibits discrimination in a "place of public accommodation," see 42 U.S.C. § 12182(a), an apartment does not constitute a place of public accommodation for purposes of the ADA. See Independent Housing Servs. v. Fillmore Center Assocs., 840 F. Supp. 1328, 1344 (N.D. Cal. 1993). To the extent said proposed claim is based on a violation of the Fair Housing Act ("FHA"), the claim would be subject to dismissal without leave to amend, because the claim could have been raised as a defense in the unlawful detainer proceeding, see, e.g., Colony Cove Assocs. v. Brown, 220 Cal. App. 3d 195, 197, 201-03

---

[2]The Court's findings discussed below refer to Bridgewater's proposed First Amended Verified Complaint, submitted February 15, 2011. Bridgewater had previously submitted proposed amended complaints on January 7, 2011, January 24, 2011, and February 14, 2011. Although Bridgewater does not presently seek leave to file any of those earlier-submitted proposed pleadings, the Court has reviewed each such pleading to determine if it includes a cognizable federal claim, and finds therein no federal claim that would not be subject to dismissal for the reasons discussed below with respect to Bridgewater's February 15, 2011 submission.

3

1  (1990) (adjudicating, in context of unlawful detainer action filed by landlord, merits of
2  tenants' defense that landlord sought to evict tenants on basis of tenants' membership in
3  class protected by FHA), and, consequently, is now barred, see Olwell v. Hopkins, 28 Cal.
4  2d 147, 152 (1946) (holding "final judgment on the merits" in prior action between same
5  parties "operates as a bar" to any claim that "might have been raised in the first action").[3]

The remaining proposed federal claim, the proposed Thirteenth Claim for Relief, titled "Violation of the Federal Fair Debt Collection Practice Act," is based on the allegation that Gilg wrongfully instituted the unlawful detainer action on behalf of the Tonnas for purposes of the Tonnas' obtaining possession of the premises and recovering rent. Such proposed claim is subject to dismissal because Bridgewater fails to allege any facts to support a finding that Gilg is or was a "debt collector" for purposes of the FDCPA. See 15 U.S.C. § 1692a(6). Although Bridgewater has repeatedly revised her motion for leave to amend to clarify the bases for her claims, Bridgewater has at no time therein indicated any facts she could allege to support a finding that Gilg could be considered a debt collector as defined in the FDCPA. Further, although the Court's February 28, 2011 order to show cause gave Bridgewater notice that the FDCPA claim in her initial Complaint was defective for failure to allege any facts to support a finding that Gilg is or was a debt collector, Bridgewater's reply thereto fails to identify any facts she could allege to support such a finding, but, rather, consists only of conclusory assertions. (See, e.g., Pl.'s Reply, filed March 17, 2011, at fourth unnumbered page ("Gilg was the 'debt collector' who use [sic] interstate commerce and/or mail for the principal purpose of which is the collection of Roger and/or Mary [sic] debts").) Such assertions are insufficient as a matter of law to state a FDCPA claim against Gilg, see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1951 (2009)

---

[3] Attached as Exhibit 6 to the Complaint is a copy of the judgment entered September 21, 2010 in the unlawful detainer action, which exhibit indicates such judgment was entered in favor of the Tonnas and against Bridgewater. (See Compl. Ex. 6.) Attached as Exhibit 2 to the proposed amended complaint submitted on January 7, 2011 is a copy of an "Abandonment of Appeal," filed by Bridgewater in state court on December 21, 2010. (See Proposed First Amended Complaint, filed January 7, 2011, Ex. 2; see also id. at 6:24-26 ("The appeal has been abandoned by the plaintiff.").)

(holding "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' of [a] claim" are insufficient to avoid dismissal); see, e.g., Brooks v. Citibank (South Dakota), N.A., 345 Fed. Appx. 260, 262 (9th Cir. 2009) (affirming dismissal of FDCPA claim, where plaintiff failed to allege facts to support conclusory allegation that defendant was "debt collector"), and there is nothing in the facts alleged as to Gilg's conduct to suggest Bridgewater could successfully plead Gilg's status as a debt collector.

Accordingly, because each of Bridgewater's proposed federal claims would be subject to dismissal, the motion for leave to amend will be denied.[4]

## CONCLUSION

For the reasons stated above:

1. Bridgewater's complaint is hereby DISMISSED, as follows:

   a. the First, Second, and Ninth Claims for Relief are DISMISSED without leave to amend; and

   b. the remaining claims, each of which arises under state law, are DISMISSED without prejudice to Bridgewater's refiling said claims in state court.

2. Defendants' motion to dismiss is hereby DENIED as moot.

3. Bridgewater's motions for summary adjudication, for a temporary restraining order, for a preliminary injunction, and for leave to amend are hereby DENIED.

4. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  March 30, 2011

_____
MAXINE M. CHESNEY
United States District Judge

---

[4] As set forth above, in light of the dismissal of the federal claims, the Court will decline to exercise supplemental jurisdiction over the state law claims. Accordingly, the Court does not address whether the proposed state law claims would be subject to dismissal.

5